UNITED STATES of America, Plaintiff–Appellee,

v.

Travis Lawrence PAGE, Defendant–Appellant.

No. 90–50019.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 1990.*

Decided Jan. 2, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

John Lanahan, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Joseph P. Brannigan, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BROWNING, PREGERSON and LEAVY, Circuit Judges.

PER CURIAM:

Travis Lawrence Page (the appellant) appeals his sentence imposed after conviction of one count of aiding and abetting and possession of a controlled substance with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (1988). The probation officer calculated a sentence under the Guidelines at 41 to 51 months in prison. At the sentencing hearing, the appellant requested a downward adjustment for his minimal role in the offense, and a downward departure based on diminished capacity due to alcoholism.

The court rejected the probation officer's recommendation and sentenced the appellant to 27 months imprisonment, together with a fine of $7500 and a term of supervised release of three years. The appellant was given reductions for his minimal role and for his acceptance of responsibility. However, the court refused to depart downward for Page's extreme alcoholism, finding that under § 5H1.4 of the Guidelines, alcohol abuse is not a reason for imposing a sentence below the guidelines.

On appeal, the appellant argues the court erred in ruling that it did not have the authority to depart below the minimum sentence of 27 months in prison. He argues that alcohol dependence was a mitigating factor in his crime, which may not have been taken into account by the Sentencing Commission. Therefore, he contends the district court could consider a departure.

Section 5K2.0 of the Guidelines provides that "a sentencing court may impose a sentence outside the range established by the applicable guideline, "if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.'"

The Sentencing Commission did, in fact, consider alcohol abuse. Section 5H1.4 of the Guidelines states:

Drug dependence or alcohol abuse is not a reason for imposing a sentence below the guidelines. Substance abuse is highly correlated to an increased propensity to commit crime. Due to this increased risk, it is highly recommended that a defendant who is incarcerated also be sentenced to supervised release with a requirement that the defendant participate in an appropriate substance abuse program. If participation in a substance abuse program is required, the length of supervised release should take into account the length of time necessary for the supervisory body to judge the success of the program.

This policy statement makes it clear alcohol dependence was adequately considered by the Commission.

Since the commission adequately considered and foreclosed downward departures based on alcoholism, section 5K2.0, permitting departures in circumstances of a kind or degree not contemplated by the Guidelines, is inapplicable. The district court had no discretion to depart downward based on appellant's alcoholism, irrespective of its extreme nature. *Accord United States v. Deigert*, 916 F.2d 916, 919 n. 2 (4th Cir.1990) (drug abuse "may not, under even extraordinary circumstances, individually or in combination [with personal financial difficulty], support a downward departure"); *United States v. Whitehorse*, 909 F.2d 316, 318–19 (8th Cir.1990) (alcoholism

improper grounds for downward departure); *United States v. Goff*, 907 F.2d 1441, 1445 (4th Cir.1990) (district court commits clear error in departing from Guidelines based in whole or in part on drug addiction); *United States v. Williams*, 891 F.2d 962, 965 (1st Cir.1989) (cocaine addiction not valid basis for departure).[1]

The district court did not err in finding that it did not have discretion to depart.

AFFIRMED.

---

**1.** The case of *United States v. Maddalena*, 893 F.2d 815 (6th Cir.1989), is not to the contrary. There, the defendant presented evidence of his attempts to mitigate his drug dependency. *Id.* at 817 n. 1. Due to his efforts, he managed to live a drug-free life for nine years. *Id.* This does not constitute substance abuse, unlike the case before us.

