942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rockney H. MEIER, Defendant-Appellant.
 No. 90-50299.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 29, 1991.
 
 Before BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rockney Howard Meier appeals his sentence imposed following a guilty plea to robbery of a savings and loan, in violation of 18 U.S.C. § 2113(a). Meier contends the district court erred by classifying him as a career offender under the United States Sentencing Guidelines (Guidelines), and determining that it did not have discretion to depart downward from the Guidelines based upon Meier's psychiatric problems, chemical addictions and the non-violent nature of the underlying offenses used to classify him as a career offender. In addition, Meier contends his commitment to Leavenworth prison constitutes cruel and unusual punishment because its psychiatric counseling and drug rehabilitation services are inadequate to satisfy Meier's needs. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and dismiss in part.
 
 1. Career Offender Status
 
 3
 Meier contends that neither his two prior robbery convictions nor his conviction in the instant offense were for crimes of violence, as required by the Guidelines in order to classify an individual as a career offender. He argues he did not actively present "a serious potential risk of physical injury to another" because he was not armed with a dangerous weapon, no one was actually injured, he was not psychologically capable of actually injuring anyone, and his actions were simply those of a desperate drug addict. In addition, Meier contends that if the district court did not have discretion to consider the facts underlying each of the prior convictions, this was a violation of his due process rights to a fair hearing on the merits of his claims and individual sentencing.
 
 
 4
 We review de novo the district court's interpretation of a provision of the Guidelines. United States v. O'Neal, No. 89-10051, slip op. 8215, 8228 (9th Cir. July 2, 1991). The Guidelines provide that a defendant is a career offender if he "was at least eighteen years old at the time of the instant offense, ... the instant offense of conviction is a felony that is ... a crime of violence ..., and ... [he] has at least two prior felony convictions of ... a crime of violence." U.S.S.G. § 4B1.1 (West 1990). At the time of Meier's offense, the Guidelines defined a "crime of violence" by reference to 18 U.S.C. § 16 (1988). U.S.S.G. § 4B1.2(1) (West 1989).[1] Section 16 defines a "crime of violence" as:
 
 
 5
 (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
 
 
 6
 (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 
 
 7
 18 U.S.C. § 16. "The elements of the crimes of which the defendant was previously convicted, and not the particular conduct of the defendant on the day the crimes were committed, should control" whether a prior crime was a "crime of violence." United States v. Selfa, 918 F.2d 749, 751 (9th Cir.), cert. denied, 111 S.Ct. 521 (1990). Actual use of violence is not required by Section 4B1.1,; merely threatening to use physical force against the person of another is sufficient. United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991).
 
 
 8
 Meier's instant conviction was for unarmed bank robbery. His two relevant prior convictions are a 1984 state conviction for robbery in California and a 1979 state conviction for aggravated robbery in Minnesota. We have previously held that convictions for unarmed bank robbery under 18 U.S.C. § 2113(a) and for robbery under California law qualify as "crimes of violence" for purposes of U.S.S.G. § 4B1.1. See McDougherty, 920 F.2d at 573 (California robbery); Selfa, 918 F.2d at 751 (federal bank robbery).
 
 
 9
 The Minnesota conviction arose out of an incident wherein Meier used a knife to threaten a salesperson and robbed a retail clothing store of $200. Like California, Minnesota law requires as an element of robbery that the taking of personal property from another be done through the use or threat of use of force against the person of another. See Minn.Stat. 609.24 and 609.245 (West 1991). Therefore, robbery as defined in the relevant Minnesota statutes is a felony that falls within the definition of a "crime of violence" for purposes of 18 U.S.C. § 16(b). See McDougherty, 920 F.2d at 574.
 
 
 10
 Further, "ad hoc mini-trials regarding an individual's prior criminal conduct" are not required when applying the Guidelines' career offender provisions. See Selfa, 918 F.2d at 750-751; see also McDougherty, 920 F.2d at 573 ("the court should not have to consider the specific conduct of the defendant in committing the predicate offense, or sentencing hearings will turn into unmanageable mini-trials themselves"). Therefore, Meier's due process argument fails as well. See McDougherty, 920 F.2d at 573; Selfa, 918 F.2d at 750-751.
 
 2. Downward Departure
 
 11
 Meier contends that his "serious and life-controlling crack cocaine addiction, and his long history of childhood neglect and abuse" were mitigating circumstances not adequately considered by the Sentencing Commission and provided grounds for departure. Therefore, he argues, the district court erred by determining that it did not have discretion to depart downward from the applicable Guidelines range.[2]
 
 
 12
 The district court has no discretion to depart unless "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b) (West 1990); see also U.S.S.G. §§ 1.4(b) and 5K2.0 (West 1990); United States v. Lira-Barraza, No. 88-5161, slip op. 9025, 9028-9029 (9th Cir. July 22, 1991). We have previously held that the Sentencing Commission adequately considered substance abuse and foreclosed this mitigating circumstances as a basis for downward departure.[3] United States v. Page, 922 F.2d 534, 535 (9th Cir.1991).
 
 
 13
 Although a court may rely on mitigating mental and emotional conditions in making a downward departure in exceptional circumstances,[4] United States v. Mondello, 927 F.2d 1463, 1470 (9th Cir.1991), a district court's discretionary decision not to depart downward from the Guidelines is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990). We lack jurisdiction to review a refusal to depart even when the district court concludes that it lacks the authority to depart, if the district court simultaneously concludes that there are no facts to support the departure. United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990).
 
 
 14
 Here, the district court noted that Meier's examining psychiatrist "found no evidence of psychosis or neurosis," and concluded that, "[t]here's a normal amount of neurosis that all of us have. He's not gone beyond the normal limits of neurosis." Clearly, the district court found insufficient basis to depart due to Meier's psychological condition. Even if the district court determined it lacked discretion to depart downward on this basis, the district judge "clearly indicated that ... there were no facts to justify departing downward [and this] finding constitutes a discretionary refusal to depart." See Williams, 898 F.2d at 1403. Therefore, we are without jurisdiction to review it. See Morales, 898 F.2d at 101.
 
 3. Cruel and Unusual Punishment
 
 15
 Meier's final contention that his commitment by the Bureau of Prisons to a facility which lacks adequate psychiatric counseling and drug rehabilitation services constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution is without merit.
 
 
 16
 Although the district court may recommend a particular facility or type of facility as appropriate, the district court has no jurisdiction to select the place where a sentence will be served. 18 U.S.C. § 3621(b).[5] Authority to determine place of confinement resides in the executive branch of the government and is delegated to the Bureau of Prisons. 18 U.S.C. § 3621(b). Therefore, we have no jurisdiction to consider this claim on appeal.
 
 
 17
 AFFIRMED IN PART, DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This section of the Guidelines was amended effective November 1, 1989 in order to clarify the definition of a crime of violence. Under the clarified definition, a crime of violence is "any offense under federal or state law punishable by imprisonment for a term exceeding one year that ... has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(1) (West 1990). Because of concerns about possible ex post facto problems, the district court employed the Guidelines in effect at the time of the offense commission rather than those in effect at the time of sentencing. The outcome of the instant case, however, would be unaffected by this clarifying amendment
 
 
 [2]
 Meier also argued that the district court should have departed downward based upon the non-violent nature of the predicate offenses used to classify him as a career offender. Because we have already determined that these predicate offenses were violent offenses for Guidelines purposes, we need not address this issue here
 
 
 [3]
 "Drug dependence or alcohol abuse is not a reason for imposing a sentence below the guidelines. Substance abuse is highly correlated to an increased propensity to commit crime." U.S.S.G. § 5H1.4 (West 1990)
 
 
 [4]
 "Mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.3 (West 1991)
 
 
 [5]
 18 U.S.C. § 3621 provides in relevant part:
 The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that ... the Bureau determines to be appropriate and suitable, considering--
 (1) the resources of the facility contemplated:
 (2) the nature and circumstances of the offense;
 (3) the history and characteristics of the prisoner;
 (4) any statement by the court that imposed the sentence--
 (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
 (B) recommending a type of penal or correctional facility as appropriate....
 18 U.S.C. § 3621(b).