951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Wayne GARRISON, Defendant-Appellant.
 No. 89-50534.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 13, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Wayne Garrison appeals his sentence under the Sentencing Guidelines following a plea of guilty to armed robbery of a federally insured bank in violation of 18 U.S.C. § 2113(a)(d). The district court sentenced Garrison as a career offender under Sentencing Guidelines § 4B1.1 to a term of 210 months imprisonment and three years probation.
 
 
 3
 Garrison contends on appeal (1) that the district court erred in classifying him as a career offender under the Sentencing Guidelines; (2) that the district court erred in refusing to grant him a downward departure; (3) that the Sentencing Guidelines violate due process; and (4) that the Sentencing Guidelines violate the presentment clause.
 
 
 4
 We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We reject each of Garrison's arguments in turn and affirm the judgment of the district court.
 
 DISCUSSION
 I.
 
 5
 Garrison contends that the district court improperly sentenced him as a career offender under § 4B1.1. He offers two arguments. First, he suggests that career offender status was intended for profit-motivated, large-scale criminals, and not for those who commit nonviolent crimes to support a narcotics addiction. Second, Garrison contends that the district court should have considered that his previous crimes did not involve the use of weapons or injury to others.
 
 
 6
 The circumstances of Garrison's crimes satisfy the requirements of the career offender category. Garrison was over eighteen years of age when he committed the instant bank robbery. Bank robbery in violation of 18 U.S.C. § 2113(a) is a "crime of violence." U.S.S.G. § 4B1.2; United States v. Selfa, 918 F.2d 749, 751 (9th Cir.), cert. denied, 111 S.Ct. 521 (1991). Garrison's prior convictions for violations of 18 U.S.C. § 2113(a) and California Penal Code § 211 (robbery) also constitute "crimes of violence" and serve as the predicate crimes for career offender status. See United States v. McDougherty, 920 F.2d 569, 573 (9th Cir.), cert. denied, 111 S.Ct. 1119 (1991). Each of these predicate crimes resulted in imprisonment for longer than one year and one month, and each sentence was imposed within fifteen years of the commission of the instant bank robbery.
 
 
 7
 As to Garrison's second argument, "[T]he court should not have to consider the specific conduct of the defendant in committing the predicate offense, or sentencing hearings will turn into unmanageable mini-trials themselves." McDougherty, 920 F.2d at 573.
 
 
 8
 Accordingly, the district court did not err in sentencing Garrison as a career offender.
 
 II.
 
 9
 Garrison claims that he should have been granted a downward departure from the Sentencing Guidelines. The government contends that we lack jurisdiction to hear this claim because it is a discretionary decision not to depart downward from the Guidelines. See United States v. Morales, 898 F.2d 99, 102-103 (9th Cir.1990). It appears, however, that Judge Hauk's refusal to grant a downward departure may not have been a discretionary act. The interchange between Judge Hauk and defense counsel suggests that Judge Hauk felt he could not depart downward from the Sentencing Guidelines because of the statutory language and case law. He then imposed the minimum sentence under the Guidelines.
 
 
 10
 Assuming that his refusal to depart downward from the Guidelines was not an act of discretion, we review de novo each of the claims posed by Garrison. See United States v. Hill, 915 F.2d 502, 505 (9th Cir.1990).
 
 
 11
 Garrison bases his request for a downward departure on the grounds that the Sentencing Guidelines do not adequately consider his prior convictions, the nonviolent nature of his crimes, his addiction to narcotics, and the purposes of sentencing. Upon review of these claims, we find no basis for a downward departure. The Sentencing Guidelines already account for these factors and we have previously ruled on these issues.
 
 
 12
 We have held that departures based on an offender's criminal history are inappropriate because criminal history is already taken into account by the Guidelines. See United States v. Borrayo, 898 F.2d 91, 94 (9th Cir.1989); United States v. Nuno-Para, 877 F.2d 1409, 1413 (9th Cir.1989). The remoteness of prior convictions is also taken into account by the Guidelines. See U.S.S.G. § 4A1.2(e). Likewise, the Sentencing Guidelines consider drug dependence. Section 5H1.4 expressly states: : "Drug dependence or alcohol abuse is not a reason for imposing a sentence below the Guidelines. Substance abuse is highly correlated to an increased propensity to commit crime." See also United States v. Sanchez, 933 F.2d 742, 746 (9th Cir.1991); United States v. Page, 922 F.2d 534, 535 (9th Cir.1991).
 
 
 13
 As to the nonviolent nature of Garrison's crimes, the sentencing court is not required to examine the circumstances underlying a defendant's prior convictions. See United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990) cert denied, 111 S.Ct. 1118 (1991).
 
 
 14
 Finally, we have rejected the argument that 18 U.S.C. § 3553(a) provides sufficient authority to depart from the Guidelines where a sentence within the Guidelines is not necessary to effectuate the purposes of sentencing. See United States v. Nuno-Para, 877 F.2d at 1413; United States v. Borroyo, 898 F.2d at 93. Thus, we reject Garrison's assertion that the district court erred in refusing to grant him a downward departure.
 
 III.
 
 15
 Relying on our decision in United States v. Barker, 771 F.2d 1362 (9th Cir.1985), Garrison claims that the Sentencing Guidelines violate due process because they do not provide for individualized assessment of a defendant's situation. However, we have already determined that a sentence under the Guidelines continues to be highly individualized through consideration of factors such as the defendant's criminal history, the seriousness of the crime, and the categorization of criminal offenses. See United States v. Brady, 895 F.2d 538, 540 (9th Cir.1990). See also United States v. Bertrand, 926 F.2d 838, 847 (9th Cir.1991); United States v. Mondello, 927 1463, 1467 (9th Cir.1991).
 
 
 16
 Garrison's claim that the Sentencing Guidelines violate procedural due process is equally unavailing. In United States v. Brady, 895 F.2d at 541-42, we held that the Guidelines "easily survive procedural due process scrutiny" under the balancing test of Matthews v. Eldridge, 424 U.S. 319, 47 L.Ed.2d 18, 96 S.Ct. 893 (1976).
 
 IV.
 
 17
 Finally, Garrison claims that the Guidelines violate the presentment clause of the Constitution. U.S. Const. art. I, section 7. We rejected this claim in United States v. Scampini, 911 F.2d 350 (1990).
 
 
 18
 In Scampini, we held that Congressional silence during the six-month "examine and consider" period is not legislative in character and effect, but merely provides Congress with an opportunity to legislate before the Guidelines go into effect. Id. at 353. Only a new act of Congress, which would then need to be presented to the President, can change the proposed Guidelines. Id. See also United States v. Litteral, 910 F.2d 547, 552 (9th Cir.1990) (holding that Guidelines do not violate presentment clause because 28 U.S.C. § 994(p), providing for 180-day waiting period before proposed Guidelines go into effect, does not give Congress authority to veto the Guidelines or any subsequent changes). Accordingly, Garrison's argument that the Sentencing Guidelines violate the presentment clause must fail.
 
 CONCLUSION
 
 19
 We reject each of Garrison's claims on appeal and therefore affirm the judgment of the district court.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Night Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3