8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Edward ADAMS, Defendant-Appellant.
 No. 92-50159.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Oct. 20, 1993.
 
 Before: TANG, CANBY, AND BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Edward Adams appeals his conviction and sentence for bank robbery in violation of 18 U.S.C. § 2113(a). Adams contends that insufficient evidence supports his conviction, that his prior convictions should not have been considered in sentencing because those convictions were unconstitutional, and that his heroin addiction was "an extraordinary physical impairment" justifying a downward departure in his sentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * On October 17, 1990, someone entered a bank in Indio, California and demanded money. Surveillance cameras photographed the robber; Adams was arrested.
 
 
 4
 At trial, three tellers who were on duty during the robbery identified Adams as the robber. A police investigator who had known Adams for about a year testified he recognized Adams as the person whose photograph was taken during the robbery. The jury convicted Adams. Because of his prior state-court robbery convictions, he was sentenced as a career offender.
 
 II
 
 5
 and
 
 
 6
 Adams argues the government did not provide sufficient evidence to establish him as the robber. We reject this argument. A rational trier of fact could have relied upon the abundant testimony identifying Adams as the robber. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 B
 
 7
 Adams contends his prior state-court convictions were unconstitutional and thus should not have been considered in sentencing him for the present conviction. He asserts that before pleading guilty in the prior cases, he was not informed of the elements of the charged offenses or that his court-appointed attorney would have represented him at trial without charge. We review de novo the district court's decision to consider Adams' prior convictions in sentencing. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990). Factual matters related to that decision are reviewed for clear error. Id.
 
 
 8
 "[T]he Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing." United States v. Vea-Gonzales, No. 91-30469, slip op. at 7343 (9th Cir. July 13, 1993). Adams, however, did not carry his burden of establishing by a preponderance of the evidence that his prior convictions were unconstitutional. See United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990).
 
 
 9
 The state-court transcripts of each change of plea hearing show that Adams knowingly and voluntarily waived the following: (1) the right to trial by jury, (2) the right to confront witnesses, and (3) the privilege against self-incrimination. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Adams cites no authority for the proposition that the federal constitution requires a state-court defendant be informed at a change of plea hearing of any right to further, free legal advice. The record also discloses that during each change of plea hearing, Adams stated that he had discussed the charges with counsel and decided to plead guilty. Before sentencing in this case, the government introduced evidence that Adams' attorneys in the prior cases routinely advised their clients of the nature and elements of each charged offense. This is sufficient to create a presumption that Adams was advised of the nature of his offenses. See United States v. Butcher, 926 F.2d 811, 818 (9th Cir.), cert. denied, 111 S.Ct. 2273 (1991). The district court properly rejected Adams' self-serving statements, made more than a decade after the convictions, that he had not been advised of the elements of the charged offenses. See Marshall v. Lonberger, 459 U.S. 422, 436-37 (1983).
 
 C
 
 10
 Adams also contends that, in consideration of his stated predisposition to addiction, he should have been sentenced below the applicable Guidelines range. We review de novo the district court's ruling that the Guidelines prevent Adams' suggested departure. United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993).
 
 
 11
 At sentencing, Adams argued that his alleged predisposition to heroin addiction amounted to "an extraordinary physical impairment" justifying a downward departure. U.S.S.G. § 5H1.4, p.s. Adams presented little or no evidence that his addiction was anything other than "substance abuse," which cannot form the basis for sentencing below the Guidelines range. Id.; see United States v. Page, 922 F.2d 534, 535 (9th Cir.1991). Without offering any medical evidence, Adams simply asserted that he might suffer from "brain irregularities" described in a newspaper article. The district court properly denied Adams' request for a downward departure.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3