UNITED STATES of America,
Plaintiff–Appellant,

v.

Steven J. SANCHEZ,
Defendant–Appellee.

No. 90–10214.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1991.

Decided May 15, 1991.

Rory K. Little, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellant.

Diane Marie Amann, Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellee.

Before NELSON, KOZINSKI and NELSON, Circuit Judges.

D.W. NELSON, Circuit Judge:

Appellant United States appeals the district court's six-month downward departure of appellee Steven J. Sanchez' sentence for unarmed bank robbery. Appellant argues that the district court's rationale for departing was insufficient under the Sentencing Guidelines. The district court reasoned that the remoteness of appellee's convictions, the calculation of a parole violation for sentencing purposes, and appellee's drug dependency, a condition which allegedly resulted from medication prescribed during a physical recovery period, justified a departure. The Sentencing Commission, however, has adequately considered these factors; indeed, the Sentencing Guidelines do not permit downward departures unless the offense is nonviolent and the drug use is involuntary. Therefore, we vacate the sentence below and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee Steven J. Sanchez was indicted on eight counts of unarmed bank robbery on September 26, 1989, in violation of 18 U.S.C. § 2113(a). Appellee pled guilty to four of those counts on November 29. At that time the parties, and the district court, believed that appellee would be sentenced within Category II or Category III of the Sentencing Guidelines ("guidelines").

The Presentence Report subsequently identified a parole violation that had occurred on October 24, 1988. Under the guidelines this violation added two points to appellee's criminal history score for a total score of 8, placing him within Category IV of the guidelines. Since the government had already agreed to seek the minimum sentence of the applicable guideline, this new categorization raised the sentence it would seek from either 41 or 46 months,

corresponding to either Category II or Category III, to 57 months, corresponding to Category IV.

On March 1, 1990, appellee filed a sentencing memorandum in support of a downward departure pursuant to § 5K2.0[1] and 18 U.S.C. § 3553(b). On March 16, appellant filed its own sentencing memorandum, opposing appellee's call for a downward departure. On March 23, the district court stated that appellee fell within Category IV for purposes of sentencing, but that it would depart downward by "[knocking] off six months because of the confusion," for a sentence of 51 months. The proceedings were delayed because of scheduling conflicts, and on March 30, the district court stated the following reasons for a six-month downward departure:

I think a departure of six months is warranted for a number of reasons: [Sanchez] was convicted back in '81 and '82 and those ... and because of the parole violation, only that, they have come back to put him in a Category IV rather than Category III. And I think that his record, based on the guidelines, probably over—is overestimated in his criminal history in relation to other cases I see with similar crimes like this.

Secondly, this crime appears to be brought about by the use of drugs and that occurred because of a motorcycle accident in which he became addicted to opiates recovering. It appears to have played a part in this type of crime.

For these reasons, I think a downward departure of six months is appropriate.

The government filed a timely appeal on May 1.

## DISCUSSION

### A. "Confusion" as a Rationale for Departure

■ Appellant argues that the district court erred in departing downwards based upon the "confusion" surrounding appellee's actual criminal history category under

1. § 5K2.0 of the Guidelines applicable at the time states that "the court may depart from the guidelines, even though the reason for departure is listed elsewhere in the guidelines (*e.g.*, as an adjustment or specific offense characteristic), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate."

the guidelines. For the government, the fact that all parties involved initially believed that Sanchez' sentence would be lower justifies neither undue sympathy for appellee nor, of course, departure from the guidelines.

Although we agree with the government's general position, we find it irrelevant in this particular case. Departure on the basis of confusion is improper. That much is made clear in *United States v. Selfa*, 918 F.2d 749 (9th Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 521, 112 L.Ed.2d 532 (1990), in which we noted:

> [U]nder the Guidelines, the district court regrettably is usually not in a position at the time of the plea to advise the defendant with any precision as to the range within which the sentence might fall. This court has therefore recently held that the provisions of Rule 11 of the Federal Rules of Criminal Procedure are satisfied when the defendant is advised of the maximum statutory penalty and of the implications of sentencing under the Sentencing Guidelines.

918 F.2d at 752 (citing *United States v. Turner*, 881 F.2d 684, 687 (9th Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989)).

But the analogy to *Selfa* is misplaced. Sanchez does not claim that he was misled and therefore justifiably relied upon the initial characterizations of what his sentence would be. Indeed, he does not dispute appellant's claim that a district court may not base a departure on the basis of confusion over sentencing. Rather, he points to "a number of reasons" provided by the district court to justify its decision. We turn to these reasons next.

*B. The District Court's Stated Rationale for Departure*

1. Identification of the Factors

■ The district court is required to state its "specific reason" for departure. *United States v. Montenegro–Rojo*, 908 F.2d 425, 426 (9th Cir.1990); 18 U.S.C. § 3553(c)(2). We need not "search the record for permissible reasons for departure; instead we analyze the reasons actu-

ally given by the district court." *Montenegro–Rojo*, 908 F.2d at 428. In *United States v. Ramirez Acosta*, 895 F.2d 597 (9th Cir.1990), this court explained the necessity for the district court to identify clearly the relevant factors to a departure:

> A sentencing judge departing from the applicable guideline range must state specifically his or her reasons for doing so. *See* 18 U.S.C. § 3553(c)(2). There is, however, no requirement that the sentencing judge recite the specific language of 18 U.S.C. § 3553(b). In *United States v. Michel*, 876 F.2d 784, 786 (9th Cir.1989), this court vacated a district court sentencing order where a "conclusory statement" did not clearly identify a specific aggravating circumstance not adequately considered by the sentencing commission. In *United States v. Wells*, 878 F.2d 1232, 1233 (9th Cir.1989), we vacated a sentence because the conclusory statement by the district court was inadequate to permit "meaningful appellate review" of the district court's departure from the guidelines. We stated in *Wells* that the district court must "point to specific aspects of [the defendant's] criminal history which it believes have not been taken into account adequately by the [Sentencing Commission's ("Commission")] guidelines." *Id.*

*Id.* at 601.

Here a thorough examination of the district court's stated rationale reveals that the court was apparently addressing four reasons: (1) appellee was convicted several years before sentencing; (2) the incident which raised appellee's criminal history category was merely a parole violation; (3) based upon the court's own experience with cases of similar crimes, the sentencing range was high; and (4) appellee's use of drugs was brought about by an opiate addiction which happened during the process of recovery from a motorcycle accident.

2. Consideration of Factors by the Commission

■ Whether the Commission adequately considered the identified circumstance is a question of law, reviewed *de novo*.

*United States v. Leake,* 908 F.2d 550, 554 (9th Cir.1990) (citing *United States v. Lira–Barraza,* 897 F.2d 981, 985 (9th Cir.), *rehearing granted, en banc,* 909 F.2d 1370 (9th Cir.1990)). A determination that the Commission has not adequately considered the identified circumstance "means that the Commission has not intended to foreclose the district court from departing from the Guidelines." *Lira–Barraza,* 897 F.2d at 985.

■ Concerning the district court's first stated reason for departure, appellant points out that the guidelines already account for the remoteness of a prior conviction. § 4A1.2(e) states in pertinent part, "Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." [2]

Appellant makes a similar argument concerning the district court's second stated reason. § 4A1.2(k) states in pertinent part, "Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the points for § 4A1.1(e) in respect to the recency (sic) of last release from confinement." Therefore, the Commission adequately considered the remoteness of a prior conviction and the effects of a parole violation, and the district court was in error to rely upon them in order to depart.

■ The district court also reasoned that departure was appropriate because the sentence seemed unusually high compared to those the court had seen for similar cases and crimes. While this third reason might suggest that departure was apropos, it is not in itself a sufficient justification. The district court must identify the reason for the disparity. Only if it resulted from a factor not adequately taken into account by the Commission is departure proper; if the disparity was contemplated, the district court may not depart simply because it is unusual.

**2.** Appellee had been sentenced to a two-year and a three-year term of imprisonment, running

■ Concerning the district court's fourth stated reason, appellant argues that the guidelines already consider whether drug use plays a role in the offense and reject such use as a ground for departure. Appellant cites § 5H1.4 which states in pertinent part:

Physical condition is not ordinarily relevant in determining whether a sentence should be outside the guidelines or where within the guidelines a sentence should fall. However, an extraordinary physical impairment may be a reason to impose a sentence other than imprisonment.

*Drug dependence or alcohol abuse is not a reason for imposing a sentence below the guidelines.* Substance abuse is highly correlated to an increased propensity to commit crime.

(Emphasis added).

In *United States v. Richison,* 901 F.2d 778 (9th Cir.1990), this court, in vacating an upward departure based upon the defendant's drug dependency, stated that the relevant part of § 5H1.4 "suggests that the Commission meant to foreclose consideration of dependency ... as a ground for downward departure." *Id.* at 781. More recently this court, in *United States v. Page,* 922 F.2d 534 (9th Cir.1991), upheld the district court's finding that it lacked discretion to depart downward based upon the defendant's extreme alcoholism. *See also United States v. Deigert,* 916 F.2d 916, 919 n. 2 (4th Cir.1990) (per curiam) (drug abuse "may not, under even extraordinary circumstances, ... support a downward departure"); *United States v. Pharr,* 916 F.2d 129, 133 (3rd Cir.1990) ("We read policy statement [§ ] 5H1.4 to mean that dependence upon drugs, or separation from such a dependency, is not a proper basis for a downward departure from the guidelines").

Appellee points out that the district court was referring to a drug addiction to opiates which resulted from legally prescribed drugs administered for medical treatment. Appellee argues that his was not a drug

concurrently, for two convictions in 1983.

dependence in the traditional sense, that his physical condition was extraordinary. However, appellee fails to reconcile the district court's downward departure with the language of § 5H1.4, mandating that if the court finds an extraordinary physical condition it should "impose a sentence *other than imprisonment.*" (Emphasis added). Therefore, § 5H1.4 does not apply to appellee's drug use.

■ Nevertheless, while *Richison, Page, Deigert,* and *Pharr* apparently "foreclose consideration of dependency ... as a ground for departure," *Richison,* 901 F.2d at 781, what is strikingly absent from those decisions is any mention of § 5K2.13. That section states:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

§ 5K2.13 permits a court to depart downward if the defendant suffered from diminished capacity that resulted from involuntary drug use, so long as the offense was nonviolent.

■ However, there is no evidence in the record that appellee in fact had diminished capacity. Furthermore, it appears that appellee's crimes were violent, making departure inappropriate. As we explained in *United States v. Borrayo,* 898 F.2d 91 (9th Cir.1990):

> Because "non-violent offense" is not defined in the guidelines, we defer to the definition of "crime of violence" in the federal criminal statutes, which is used elsewhere in the guidelines. *See Guidelines,* § 4B1.2. We find no basis for a conclusion that the Commission intended any other meaning. A crime of violence is defined as an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another. 18

U.S.C. § 16(a). Borrayo's acts are included in this definition because he threatened physical force. *See also Guidelines,* § 4B1.2 commentary (robbery is a crime of violence). As a result, § 5K2.13 is not available to Borrayo to support a departure.

898 F.2d at 94 (footnote omitted).

In the instant action appellee has pled guilty to four counts of unarmed bank robbery. The indictment refers to each count as occurring "by force, violence, and intimidation." At the time of pleading the district court repeatedly asked appellee if he understood that he was pleading guilty to "robbing by force and violence," and the appellee always responded in the affirmative.

Indeed, appellee's alleged modus operandi in the bank robberies was to hand a teller a threatening note. In one instance the note stated, "This is a robbery. Give me all your money. Don't say anything. Don't stall!"; in another instance the note stated, "Do not do anything. This is a robbery! I want all your cash. Don't do anything rash. Don't pull any alarm," and the teller was told to "keep quiet about it!"; and in a third instance the teller was told not to press the silent alarm button or other people in the bank would be hurt. These threats are particularly relevant in light of the Sixth Circuit's holding that an unarmed bank robbery may fall within the definition of a crime of violence where "an ordinary person in the teller's position reasonably could infer a threat of bodily harm." *United States v. Maddalena,* 893 F.2d 815, 819 (6th Cir.1989) (quoting *United States v. Higdon,* 832 F.2d 312, 315 (5th Cir.1987), *cert. denied,* 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988)).

Therefore, we find that appellee's offenses were sufficiently violent such that § 5K2.13 does not apply. Since § 5H1.4 is also inapplicable to appellee, his drug use should not have resulted in departure. Consequently, three of the four reasons stated by the district court were improper bases for downward departure because they were adequately considered by the Commission. The remaining reason giv-

en—that the sentence seemed out of line with those the judge had seen in similar cases—might have suggested that departure was appropriate, but did not in itself provide an adequate justification for departure. We therefore remand so that the district court may identify the reason for the disparity and determine whether it was a factor not adequately taken into account by the Sentencing Commission.

## CONCLUSION

Accordingly, we VACATE the sentence below and REMAND for resentencing.