967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald Michael HAGGARD, Defendant-Appellant.
 No. 91-50497.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 11, 1992.
 
 1
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and PRO, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Gerald Michael Haggard pled guilty to a single count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to sixty-three months in prison, plus three years of supervised release. Haggard appeals his sentence, arguing that the district court erred in refusing to depart downward from the applicable Federal Sentencing Guideline range. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.
 
 DISCUSSION
 
 4
 Haggard initially contends the district court erred in refusing to depart downward from the applicable guideline range because: (1) his criminal history overrepresented the seriousness of a past conviction for selling marijuana, and (2) his conduct showed a substantial lack of sophistication.[1] These arguments challenge the district court's refusal to exercise its discretion in granting a downward departure. As such, neither provides a cognizable ground for appeal. United States v. Koenig, 952 F.2d 267, 273 (9th Cir.1991) ("The discretionary refusal to grant a downward departure will not be reviewed on appeal.").
 
 
 5
 Haggard also contends the trial court mistakenly concluded it lacked authority to grant a downward departure based on his intoxication during the robbery. This argument also fails.
 
 
 6
 Guideline § 5K2.13 permits a downward departure "if the defendant suffered from diminished capacity that resulted from involuntary drug use, so long as the offense was nonviolent." United States v. Sanchez, 933 F.2d 742, 747 (9th Cir.1991) (emphasis added). For purposes of this section, a crime of violence "is defined as an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." United States v. Borrayo, 898 F.2d 91, 94 (9th Cir.1989). The crime of unarmed bank robbery falls within this category when the defendant threatens to use violence during the robbery. Sanchez, 933 F.2d at 747.
 
 
 7
 When Haggard entered the bank, he handed the teller a note which read: "Stay calm, got a gun, this is bank robbery, don't stall for time or give me a dye pack or I'll give you one." Because Haggard threatened the teller with violence, the district court correctly concluded it could not depart downward based on Haggard's claim of involuntary intoxication.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Haggard also argues that the district court may have believed it lacked authority to depart downward based on his lack of sophistication. We disagree. The trial court thoroughly considered the issue of sophistication, but ultimately concluded that the facts did not warrant a departure on this ground