978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Lewis SAVAGE, Defendant-Appellant.
 No. 91-50490.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Nov. 3, 1992.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant James Lewis Savage appeals his conviction by conditional guilty plea to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and his sentence under the Sentencing Guidelines. Savage presents three arguments: (1) the district court erred in denying his motion to suppress evidence obtained in conjunction with a warrantless arrest because the police lacked probable cause to arrest him; (2) the district court erred in denying his motion to compel the Government to perform according to a plea agreement which the Government withdrew before Savage entered his conditional plea; and (3) the district court erred in denying his request for downward departure for reduced mental capacity. We address the issue of probable cause and downward departure in the present memorandum disposition. The plea agreement issue is the subject of a separate published opinion.
 
 STATEMENT OF FACTS
 
 3
 The facts relevant to the issues of probable cause and downward departure are as follows. On October 17, 1990, following an armed robbery of the Security Pacific National Bank, San Diego Police Officer Rudy Martinez and his partner received an all-units radio broadcast describing the suspect as a clean shaven white male, age late 30's, early 40's, 6' tall, 190 pounds, and light brown hair, driving a silver or grey four-door Mercedes, possibly a diesel, with a partial license plate number 2MI.
 
 
 4
 Because the officers had received information about two prior bank robberies in the area, they believed the suspect was staying in the Del Mar area. The officers travelled along Camino Del Mar looking for the suspect's vehicle in parking lots and motels. In the parking lot of a motel in Del Mar, the officers observed a grey four-door Mercedes with the license plate 2TMN014.
 
 
 5
 The officers approached the motel manager to inquire about the owner of the car. They were told that the car belonged to Mr. Savage, who had been staying at the motel for about a month, did not appear to have a job, and always paid his motel bills in cash. The manager's description of Savage approximated the description in the all-units bulletin.
 
 
 6
 As they were speaking to the manager, the officers observed Savage leave his motel room and noted that his features appeared to closely resemble the description which was broadcast over the radio. After following Savage a few blocks, the officers stopped him. They noted that Savage not only matched the description of the present robbery suspect, but also closely resembled two black and white surveillance photographs taken from other recent bank robberies in the area.
 
 
 7
 The officers then placed Savage under arrest for the Security Pacific Bank robbery. Savage consented to a search of his car and motel room, where incriminating evidence was recovered.
 
 
 8
 On December 3, 1990, Savage filed a Motion to Suppress the evidence, alleging it was acquired by means of an illegal warrantless arrest. On December 18, 1990, following a hearing, the district court denied the motion holding that Officer Martinez had probable cause to arrest Savage.
 
 
 9
 On February 12, 1991, Savage entered a conditional guilty plea which allowed him to bring this appeal pursuant to Fed.R.Crim.P. 11(a)(2). At sentencing, the district court denied Savage's request for a downward departure pursuant to U.S.S.G. § 5K2.13.
 
 
 10
 * PROBABLE CAUSE
 
 
 11
 The question of whether a warrantless arrest was based on probable cause is a mixed question of law and fact. United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.), cert. denied, 476 U.S. 1185 (1986). "The underlying facts as found by the district court are to be accepted unless clearly erroneous. The court's ultimate conclusion, however, is reviewed de novo." Id. Probable cause to make a warrantless arrest exists "if, at the moment of arrest, facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the suspect had committed ... an offense." United States v. Pinion, 800 F.2d 976, 979 (9th Cir.1986), cert. denied, 480 U.S. 936 (1987).
 
 
 12
 Conceding that "a visual identification made directly from a photograph is devastating evidence," Savage argues that Officer Martinez could not have identified Savage from the photos because the quality of the photos was too poor. Savage's personal evaluation of their quality is irrelevant to this appeal and belies Officer Martinez's testimony and the district court's factual findings. Officer Martinez testified, "I have very little doubt that [Savage] was the same--same person [who was in the surveillance photos]." And the district court found that Officer Martinez "went up to [Savage], got out of the patrol car, saw him face to face, and found that his physical description did match the two photos of the prior bank robbers which he had affixed to the police car."
 
 
 13
 Savage argues that the district court did not find that Officer Martinez thought Savage matched the actual photos but, rather, matched conflicting descriptive information that accompanied the photos. On that basis, Savage concludes that the court made no factual finding of visual identification.
 
 
 14
 This is a strained reading of the court's finding. The district court expressly said he "matched the two photos," not that he matched the "description" of the photos. A finding of visual identification is indeed "devastating," particularly coupled with the evidence of an older grey Mercedes with a somewhat similar license plate, the testimony of the motel manager that Savage did not appear to work and paid in cash, and the physical resemblance between Savage and the radio dispatch description.
 
 
 15
 Savage's remaining arguments are insufficient to overcome the highly prejudicial effect of the accompanying visual identification.
 
 
 16
 Considering "all the facts known to the officers and ... all the reasonable inferences that could be drawn by them before the arrest," we hold the officers had probable cause to arrest Savage. United States v. Martin, 509 F.2d 1211, 1213 (9th Cir.), cert. denied, 421 U.S. 967 (1975).
 
 II
 DOWNWARD DEPARTURE
 
 17
 The district court, finding that Savage's crime was a violent act, refused to consider a downward departure based on Savage's mental condition, pursuant to U.S.S.G. § 5K2.13 which provides for consideration of a defendant's mental condition only for non-violent crimes. See United States v. Sanchez, 933 F.2d 742, 747 (9th Cir.1991) (holding bank robbery is a violent crime inappropriate for downward departure under § 5K2.13); United States v. Borrayo, 898 F.2d 91, 94 (9th Cir.1990).
 
 
 18
 Savage argues, that in formulating U.S.S.G. § 5K2.13, the Sentencing Commission failed to comply with 28 U.S.C. § 994(d)(4) which, he alleges, requires the Guidelines to consider a defendant's mental condition in both violent and non-violent crimes.
 
 
 19
 We decline to address this argument because it is raised for the first time on appeal. United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992).
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3