983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
David ORNELAS, Defendant-Appellee.
 No. 92-50184.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1993.
Decided Jan. 14, 1993.
 
 1
 Before CANBY and WILLIAM A. NORRIS, Circuit Judges, and TANNER* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 David Ornelas pleaded guilty to one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). The district court granted him a two level downward departure in computing his sentence under the Sentencing Guidelines. The court departed downward because it found that Ornelas' suffered from a "chemical imbalance" that made him unable to control a long-time heroin addiction. The government timely appeals. We have jurisdiction under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. We vacate the sentence and remand for resentencing.
 
 
 4
 We review de novo the district court's interpretation and application of the Guidelines. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992); United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992). The district court's factual findings are subject to review only for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). We conclude the district court clearly erred in this case when it accepted Ornelas' claim of extraordinary physical impairment in the absence of supporting medical evidence.
 
 
 5
 Ornelas concedes that the district court had no authority to depart downward on the basis of his heroin addiction. See U.S.S.G. § 5H1.4; United States v. Page, 922 F.2d 534, 535 (9th Cir.1991) (involving alcohol); United States v. Sanchez, 933 F.2d 742, 746-47 (involving prescription medication).[1] He contends that his departure was granted not on the basis of that addiction, but rather on the basis of a brain irregularity that keeps him addicted. See U.S.S.G. § 5H1.4 ("an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range").
 
 
 6
 We need not decide whether such an irregularity could be a ground for a downward departure, because Ornelas offered no credible proof that he suffered from the irregularity. He presented only a newspaper article surveying research on the question, and out-of-court statements of unnamed "experts" who said that Ornelas might suffer from the irregularity, assuming its existence.
 
 
 7
 Ornelas bore the burden of establishing his eligibility for departure, United States v. Anders, 956 F.2d 907, 911 (9th Cir.1992), and he failed to carry that burden. In the absence of any proof showing Ornelas actually suffers from a brain irregularity, his claim for departure rests on his drug addiction. The district court clearly erred in reducing Ornelas' offense level under these circumstances.
 
 
 8
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 The Honorable Jack E. Tanner, United States Senior District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Although Ornelas pleaded guilty to unarmed bank robbery, he gave a teller a note stating that he had a gun and he lifted his shirt from his waistband as if to show the teller a weapon. Because he threatened the teller with violence, Ornelas is ineligible for a departure under U.S.S.G. section 5K2.13, which provides in pertinent part:
 If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from a voluntary use of drugs ... a lower sentence may be warranted....
 See Sanchez, 933 F.2d at 747.