5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Donald DONALDSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant
v.
John Donald DONALDSON, Defendant-Appellee.
 Nos. 92-50211, 92-50258.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1993.
Decided Aug. 25, 1993.
 
 Appeal from the United States District Court for the Central District of California; Nos. CR-91-0345-JSL-1, CR-91-0345-JSL-1, J. Spencer Letts, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: FLETCHER, POOLE and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 John Donald Donaldson was convicted of two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). He contends the district court erred in refusing to suppress statements he made while being booked. He argues those statements were not voluntary because he was under the influence of narcotics. He further contends the district court erred in refusing to suppress in-court and out-of-court witness identifications of him. He contends the identifications were tainted by impermissibly suggestive photospreads.
 
 
 3
 The district court found that Donaldson was a career offender, but departed downward from the 210 to 262 month sentencing range required by the United States Sentencing Guidelines. It did so because it found one of Donaldson's prior convictions contained an irregularity and was old. The government cross-appeals this downward departure. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION
 
 4
 A. Did the district court err in refusing to suppress Donaldson's statements?
 
 
 5
 We review de novo the district court's conclusion that Donaldson's statements were voluntary. United States v. Kelley, 953 F.2d 562, 564 (9th Cir.1992). We review for clear error the district court's findings of the underlying facts. United States v. McConney, 728 F.2d 1195, 1200 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). The government bears the burden of showing voluntariness by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 489 (1972).
 
 
 6
 A statement made under the effect of narcotics can be voluntary if a defendant is lucid and coherent. See, e.g., Kelley, 953 F.2d at 565. In Kelley, the defendant was in withdrawal from narcotics for the last thirty minutes of a 1 hour 20 minute interrogation. We noted that the defendant there had remained coherent, and held that his statement was voluntary. Id. at 565-66.
 
 
 7
 This case is similar. Here, the two officers who booked Donaldson spent ninety minutes with him. The district court found that Donaldson was coherent throughout. Because the officers testified to that effect and the district court found their testimony credible, this finding is not clearly erroneous. The mere fact Donaldson was suffering the effects of withdrawal from narcotics did not make his statements involuntary.
 
 
 8
 Donaldson also argues he was coerced, and due to his narcotics withdrawal condition this coercion made his statements involuntary. We reject this argument. Donaldson testified that the officers threw bank surveillance photos at him and told him they had fingerprints, marked money and eyewitnesses to testify against him. The district court found this testimony incredible. The two officers contradicted Donaldson's testimony and the district court found their testimony credible. Moreover, the circumstances of Donaldson's statements do not suggest coercion. Most of the ninety minutes was spent waiting for and having Donaldson examined by a doctor rather than in interrogation. The only questions asked by the officers were questions seeking booking information. The district court did not err in refusing to suppress Donaldson's statements.
 
 
 9
 B. Should the identification of Donaldson, in and out of court, have been excluded?
 
 
 10
 Donaldson next contends the district court erred by admitting several witnesses' identifications of him. He contends all the identifications were tainted by an improperly suggestive photospread which the witnesses were shown. Specifically, he argues that none of the five other individuals in the photospread resembled him in "facial features, jaw-line and hairstyle." He further contends that "[t]he size and the shape of the moustaches depicted in [sic] each of the men in the photographs is especially unbalanced."
 
 
 11
 In reviewing whether a photospread is impermissibly suggestive, we look at the totality of the circumstances. United States v. Davenport, 753 F.2d 1460, 1462 (9th Cir.1985). There is an intra-circuit split on whether we review the district court's finding de novo or for abuse of discretion. United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991) (noting but not resolving conflict between United States v. Givens 767 F.2d 574, 580 (9th Cir.), cert. denied, 474 U.S. 953 (1985) (de novo review), and United States v. Gregory, 891 F.2d 732, 734 (9th Cir.1989) (abuse of discretion review)).
 
 
 12
 We need not resolve this conflict because even reviewing de novo we find the district court was correct. In order to preclude the introduction of identification evidence, a photospread must be " 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' " United States v. Carbajal, 956 F.2d 924, 929 (9th Cir.1992) (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). There is no such likelihood here.
 
 
 13
 We have reviewed the photospread. At least four of the other five men shown have thick moustaches. Moreover, while there is some variation in jawlines, it is minor and several of the pictures depict men with jawlines quite similar to Donaldson's. Some of the hair styles are slightly different, but all men depicted in the photospread have hair about the same length as Donaldson's. All of the men appear to be Hispanic and roughly the same age. There was no substantial likelihood of misidentification. The court did not err in admitting the identifications.
 
 
 14
 C. Did the district court err in departing downward?
 
 
 15
 On cross-appeal, the government argues the district court erred in departing downward from 210 months, the low end of the guideline range, to 162 months. The government contends the minimum sentence should have been 210 months because Donaldson is a career offender under guideline section 4B1.1, his criminal history category is VI and, under section 4B1.1(C), his offense level is 32. Donaldson contends that one of his prior convictions, a 1980 guilty plea to a state robbery charge, is constitutionally infirm. This would take him out of the career offender provision and give him a criminal history category of IV and an offense level of 26. The resulting sentencing range would be 92-115 months. The district court found the 1980 conviction constitutional and Donaldson a career offender. Due to the conviction's irregularity and age, however, the court departed downward to the 162-month sentence.
 
 
 16
 The first issue raised by the government is whether Donaldson could collaterally challenge the constitutionality of his prior conviction in a federal sentencing hearing. Here, the district court permitted Donaldson to challenge the conviction. The court held the conviction was constitutionally valid. We agree.
 
 
 17
 Donaldson had been convicted of robbery after a jury trial. That conviction had been reversed. The state failed to file a remittitur within the sixty days required by California law, and the state court dismissed the case. The state then refiled the same charges, and, under a plea agreement, Donaldson pleaded guilty.
 
 
 18
 The district court found that, because of the time Donaldson had already served under the first conviction, he would not have been sentenced to more prison time even if he was found guilty of the refiled charges. It found that the guilty plea was suspect because Donaldson was freed immediately upon pleading guilty. He would have had to wait in jail for trial if he had pleaded not guilty. The court's concern was magnified by the fact that there was no factual basis in the state court record to support Donaldson's guilt. This gave the district court some concern, but it did not cause it to find the conviction unconstitutional.
 
 
 19
 Donaldson argues that because he had no reason to object to pleading guilty, knowing that he would be freed if he did, his plea and waiver of constitutional rights was not "knowing and voluntary" as required by Boykin v. Alabama, 395 U.S. 238 (1969). Boykin requires that a defendant pleading guilty knowingly and voluntarily waive his rights to trial by jury, to confront his accusers, and against compulsory self-incrimination. Id. at 243. Donaldson concedes that he expressly waived these rights. He argues, however, that he did not appreciate the value of these rights and thus did not knowingly waive them. We reject this argument.
 
 
 20
 Courts have long considered prior criminal records in setting sentences. Donaldson must have known that if he committed future crimes, one consequence of his 1980 guilty plea would be that it would be considered in sentencing him. His waiver of his Boykin rights was knowing and voluntary. His 1980 conviction was constitutional. The government's argument that the district court should not have permitted Donaldson's challenge to the conviction is moot.
 
 
 21
 Because the 1980 conviction was constitutional, the district court correctly found Donaldson to be a career offender subject to the 210 to 262 month sentencing range. This leaves us with the question whether the district court's downward departure was proper. To answer this, we first have to consider whether the district court had authority to depart.
 
 
 22
 This involves inquiry into whether the court identified a mitigating circumstance not adequately considered by the Sentencing Commission. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). This is a question of law which we review de novo. Id.
 
 
 23
 The district court considered two factors in deciding to depart downward: the age of the 1980 conviction, and the fact that the circumstances of Donaldson's guilty plea which resulted in that conviction made the conviction suspect.
 
 
 24
 The age of the 1980 conviction is not a valid basis for the district court's departure in this case. See United States v. Sanchez, 933 F.2d 742, 746 (9th Cir.1991). The Sentencing Commission considered such a circumstance and provided that any sentence less than 10 years old should be counted and any sentence of more than 13 months up to 15 years old should be counted. U.S.S.G. Sec. 4A1.2(e).
 
 
 25
 The circumstances of the 1980 conviction, however, were most unusual. It is the unusual nature of the conviction, not its constitutionality, which is the relevant factor. The question is whether suspicious circumstances such as those involved in the conviction were adequately considered by the Sentencing Commission. We conclude they were not. As the district court stated:
 
 
 26
 [W]e do have a case tried against this gentleman which was reversed. p It would not have been reversed if the Appellate Court thought it was immaterial error, so it got reversed because there was material error in the trial. p We then look at a record that is, I think, fairly consistent, not necessarily with innocence, but with a record that says that it's far from certain that guilt can be proven on the basis of the evidence that was introduced at the first trial, and somebody that just plain doesn't care any more, because he's already served it. I can't imagine a weaker conviction than that.
 
 
 27
 Government's Supplemental Excerpt of Record, 177-78. Given these unique circumstances, the court had authority to depart downward.
 
 
 28
 The final question is whether the extent of its departure was reasonable. Lira-Barraza, 941 F.2d at 946. This must be evaluated in light of the guidelines scheme. Id. at 947. The district court sentenced Donaldson to 162 months, halfway between the 210-month minimum required if the 1980 conviction was considered and Donaldson was a career offender, and the 115-month maximum if he was not. The sentence's relation to the two alternative ranges as noted by the district court adequately explains the extent of the court's downward departure in light of the scheme of the guidelines.
 
 
 29
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3