70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose FLORES-GUZMAN, Defendant-Appellant.
 No. 95-50100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Flores-Guzman appeals his 77-month sentence following a guilty plea to illegal reentry after deportation subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. Sec. 1326(a), (b)(2). Flores-Guzman contends that the district court erred by failing to grant his request for a downward departure. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 The government first contends that we lack jurisdiction to review the discretionary refusal of the district court to depart downward. See United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). The district court, however, stated, "I don't think I have the authority to depart." Thus, the district court determined that the Guidelines precluded departure, and we review such determinations de novo. See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 4
 Flores-Guzman failed to accept a plea bargain, under the government's "fast-track policy" in the Southern District of California, that provided for a two-year sentence. After the government withdrew the original plea offer, Flores-Guzman pleaded guilty and received a 77-month sentence. Flores-Guzman claims that he was confused about the original plea offer and resulting two-year sentence, and would have accepted the plea bargain had he understood its benefits. Flores-Guzman concludes that a downward departure was warranted to permit his sentence to comport with the sentences of other defendants who have accepted similar "fast-track" plea bargains.
 
 
 5
 We reject Flores-Guzman's claim. First, we have consistently held that a downward departure is not authorized to minimize a sentencing disparity between codefendants, see United States v. Mejia, 953 F.2d 461, 467-68 (9th Cir.1991), cert. denied, 504 U.S. 926 (1992), or between different Guidelines that apply to the defendant's conduct, see United States v. Rose, 20 F.3d 367, 374-75 (9th Cir.1994). Second, a defendant's confusion about a possible sentence is not a proper basis for departure. See United States v. Sanchez, 933 F.2d 742, 745 (9th Cir.1991). Thus, the district court correctly held that a downward departure was unauthorized.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny Flores-Guzman's request for oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3