**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lesester D. McDOUGHERTY, aka Lester Johnson, Defendant–Appellant.**

**No. 89–50245.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 1990.

Decided Nov. 28, 1990.

---

§§ 841(a)(1) and 845a, and his conviction and sentence for aiding and abetting possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 18 U.S.C. § 3742(a) and we affirm.

## DISCUSSION

McDougherty's conviction arose from his sale of two pieces of cocaine base to an undercover police officer in a park approximately 690 feet from an elementary school. McDougherty was sentenced to a prison term of 262 months, followed by six years of supervised release. He argues that the district court erred in denying his motion to dismiss the indictment under 21 U.S.C. § 845a on various constitutional grounds. In addition, McDougherty claims that he was improperly classified as a career offender, that the government failed to comply with the procedures of 21 U.S.C. § 851 in enhancing his sentence, that the district court's use of the Presentence Report violated due process, and that his sentence violates the eighth amendment. We address each argument in turn.

### I.

The denial of McDougherty's motion to dismiss the indictment on constitutional grounds is a question of law which we review *de novo*. *United States v. Savinovich*, 845 F.2d 834, 839 (9th Cir.), *cert. denied*, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988). McDougherty raises three constitutional arguments, all of which have been recently rejected by this circuit in *United States v. Thornton*, 901 F.2d 738 (9th Cir.1990).

 McDougherty first contends that the schoolyard provision violates due process by creating an irrebuttable presumption that the sale of drugs near a school is per se dangerous and threatening to children, citing *Leary v. United States*, 395 U.S. 6, 12, 89 S.Ct. 1532, 1535, 23 L.Ed.2d

Mary F. Gibbons, North Hollywood, Cal., for defendant-appellant.

Richard E. Robinson, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before REINHARDT and HALL, Circuit Judges, and RE, Chief Judge.*

CYNTHIA HOLCOMB HALL, Circuit Judge:

Lesester McDougherty appeals his conviction and sentence for distribution of a controlled substance within 1000 feet of an elementary school in violation of 21 U.S.C.

* The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

57 (1969) (statutory presumption of knowledge of importation upon proof of possession violates due process). However, that case allowed the jury to presume the *mens rea* element of the offense from another set of facts. The *Leary* case is irrelevant here, where no presumptions as to guilt apply. The schoolyard provision is simply a congressional determination that drug dealing within the proximity of a school merits enhanced penalties. *Thornton*, 901 F.2d at 740. *See also McMillan v. Pennsylvania*, 477 U.S. 79, 87, 106 S.Ct. 2411, 2416, 91 L.Ed.2d 67 (1986); *United States v. Holland*, 810 F.2d 1215, 1220–22 (D.C. Cir.), *cert. denied*, 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987); *United States v. Agilar*, 779 F.2d 123, 125–26 (2d Cir. 1985), *cert. denied*, 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986).

■ McDougherty next argues that section 845a violates his right to equal protection because it is both overinclusive (punishes those whose drug transactions near schools do not involve children) and underinclusive (fails to punish those who sell drugs to children over 1,000 feet from a school). This precise argument was rejected by our circuit in *Thornton*, where the court determined that "the congressional goal of reducing the availability and hence the use of drugs by school children is rationally achieved by increasing the penalties for those who sell drugs near schools."[1] *Thornton*, 901 F.2d at 740. The statute is not unconstitutionally overinclusive because the consequences of drug transactions near schools, even when children are not direct participants, contribute to the "violent and dangerous criminal milieu Congress sought to eliminate" in enacting the statute. *Id.* (quoting *Holland*, 810 F.2d at 1219). The statute may be underinclusive, but equal protection does not require Congress to eliminate all evils in or-der to legislate against some. *Thornton*, 901 F.2d at 740.

■ Finally, McDougherty argues that Congress exceeded its plenary authority under the Commerce Clause, Article I, section 8 of the Constitution in enacting section 845a. "A congressional finding that an activity affects interstate commerce must be afforded controlling deference if there is a rational basis for that judgment." *Nevada v. Skinner*, 884 F.2d 445, 450 (9th Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 1112, 107 L.Ed.2d 1019 (1990). Congress has already determined, and the courts have accepted as rational, that drug trafficking affects interstate commerce. *United States v. Montes–Zarate*, 552 F.2d 1330, 1331 (9th Cir.1977) (en banc), *cert. denied*, 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978). It would be highly illogical to believe that such trafficking somehow ceases to affect commerce when carried out within 1000 feet of a school.[2] *Thornton*, 901 F.2d at 741. There is no legal reason why Congress cannot choose to punish some behavior affecting commerce more harshly than other behavior, based upon its detriment to society.

### II.

The legality of McDougherty's sentence imposed under the career offender provision of the Sentencing Guidelines is reviewed *de novo*. *United States v. Marco L.*, 868 F.2d 1121, 1123 (9th Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 369, 107 L.Ed.2d 355 (1989). McDougherty contends that the district court erred in sentencing him as a career offender, because one of his predicate offenses was not a crime of violence within the meaning of the Guidelines.

Guideline § 4B1.1 provides in part that a defendant is a career offender if he "has at least two prior felony convictions of either

---

1. The rational basis test is used, rather than any form of heightened scrutiny, because the statute does not implicate a suspect class nor impair a fundamental right.

2. Cases cited by appellant for the proposition that section 845a infringes on an area of purely local control are inapplicable. The schoolyard statute does not in any way regulate the schools themselves; it merely increases the punishment for those who sell drugs near the school. Drug trafficking is surely not a purely local concern, and in fact is already a federal crime, even in the absence of the schoolyard provision.

a crime of violence or a controlled substance offense."[3] The term "a crime of violence" is defined in section 4B1.2 by reference to 18 U.S.C. § 16. That section describes a crime of violence as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Commentary to that Guideline section provides that " 'crime of violence' " includes "murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson, or robbery." Guideline § 4B1.2, Application Note 1 (Jan. 15, 1988).

■ The two predicate crimes of violence which the district court used to assign McDougherty career offender status were battery (in violation of Cal. Penal Code § 4501.5) and robbery (in violation of Cal. Penal Code § 211). McDougherty argues that his robbery conviction should not have been counted because it was not necessarily a crime of violence. This argument fails.

■ Although it appears that McDougherty used a knife in connection with this robbery, he was not convicted of this (the enhancement under Cal. Penal Code § 12022(b) for use of a knife was never imposed) and thus it cannot form the basis of a predicate conviction for a crime of violence. In any case, the court should not have to consider the specific conduct of the defendant in committing the predicate offense, or sentencing hearings will turn into unmanageable mini-trials themselves. *Taylor v. United States,* —— U.S. ——, 110

S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990) ("[T]he language of § 924(e) generally supports the inference that Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior conviction."); *United States v. Sherbondy,* 865 F.2d 996, 1008 (9th Cir.1988). This circuit has already held that persons convicted under the federal robbery statute, 18 U.S.C. § 2113(a), have committed a crime of violence within the meaning of Guideline § 4B1.1. *United States v. Selfa,* 918 F.2d 749, 751–52 (9th Cir., 1990), *petition for cert. filed,* (U.S. Aug. 10, 1990) (No. 90–5422) (applying *Taylor*'s catagorical approach to the career offender provision of the Guidelines). We hold that robbery under California law is also by definition a crime of violence.

The California robbery statute prohibits "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. Fear is defined as either "1. [t]he fear of an unlawful injury to the person or property of the person robbed ... or, 2. [t]he fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." Cal. Penal Code § 212. This definition of robbery meets the requirements of Guidelines § 4B1.2.

McDougherty argues that his robbery conviction did not constitute a crime of violence because it would be possible to commit the offense without the use of physical force. This same argument could be made about 18 U.S.C. § 2113(a), which this circuit had already declared to be a crime of violence in *Selfa*. That statute

---

**3.** We review this case based upon the Guidelines of January 15, 1988, under which the defendant was sentenced. *See United States v. Carvajal,* 905 F.2d 1292 (9th Cir.1990). These Guidelines were amended, effective November 1, 1989. This amendment deletes the use of force against property as an element of the defendant's offense from qualifying as a crime of violence, but adds a new section including certain enumerated crimes against property (burglary, extortion, use of explosives) and any other felony that presents a potential risk of physical injury to a person. The amended Guidelines continue to include robbery as a crime of violence in its commentary. The result in this case would be no different under the November 1989 amendments to the Guidelines.

includes not only taking money from a bank by force, but also entering a bank with the intent to commit any felony affecting the bank or any larceny. Use of physical force against the victim is only one element of 18 U.S.C. § 16(b)'s definition of a "crime of violence." Threatening to use physical force against the person or property of another also meets the definition of crime of violence under the Guidelines.

More importantly, 18 U.S.C. § 16(b) describes a crime of violence as any felony that involves "a substantial risk" of the use of physical force. *See United States v. Gonzalez–Lopez*, 911 F.2d 542 (11th Cir. 1990) ("The definition means what it says— the typical crime of violence does not have to result in violence, the mere threat of physical force or the risk of physical force is sufficient.")[4] Robbery as defined by California is a crime committed directly against and in the presence of the victim through "force or fear", and thus is certainly the kind of crime that presents a serious risk that physical force may be used. As the district judge noted, robbery is "inherently dangerous." The commentary to § 4B1.2 at the time of McDougherty's offence included robbery as a crime of violence. Clearly then, robbery as defined in California falls under 18 U.S.C. 16(b) as a felony that "by its nature, involves a substantial risk" that physical force may be used.[5]

## III.

■ McDougherty argues that the government failed to comply with the procedural requirements of 21 U.S.C. § 851 in assigning him career offender status. That section applies to every defendant convicted "under this part" who faces "increased punishment by reason of one or more prior convictions." McDougherty's contention lacks merit.

Section 851 applies when the government seeks to obtain the increased *statutory* penalties provided in 21 U.S.C. §§ 841–858, based upon certain qualifying prior convictions. The career offender provision of the Guidelines, on the other hand, does not entail increasing the statutory penalties for the defendant's crime. Rather, Guideline § 4B1.1 simply implements the mandate of 28 U.S.C. § 994(h) that the Sentencing Commission assure that certain career offenders receive sentences "at or near the maximum term authorized" for their crime under the existing federal statute.

Section 851 was enacted in 1970, and is therefore not part of the Sentencing Guidelines. The Guidelines likewise make no reference to section 851. This court in *Selfa*, at 752, has already rejected the contention that a defendant must be advised at the time of his plea that he could be sentenced as a career criminal, though such notice would be a requirement under section 851. The requirements of section 851 simply do not apply in these circumstances.

## IV.

■ McDougherty argues that, even if the procedures outlined in 21 U.S.C. § 851 are inapplicable to his sentencing, the use

---

4. The 1989 amendments to the Guidelines include as crimes of violence such offenses as burglary of a dwelling and arson, even though they are generally not done in the presence of another person, because they present "a serious potential risk of physical injury to another."

5. *United States v. Chatman*, 869 F.2d 525 (9th Cir.1989), cited by McDougherty, does not require a contrary result. In *Chatman* we held that a conviction under California law for burglary of an automobile did not constitute a "burglary" as that term is used in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). The principal basis for our decision in *Chatman* was our determination that under section 924(e)(2)(B), burglary meant common-law burglary. 869 F.2d at 527. That holding has been overruled by *Taylor*. *See United States v. Cunningham*, 911 F.2d 361, 362–63 (9th Cir.1990).

Even were we to apply the reasoning of *Chatman*, however, we would still conclude that the robbery statute under which McDougherty was convicted defines a crime of violence for purposes of the Guidelines. The statutory provision under which Chatman was convicted made it a crime to enter a locked motor vehicle with the intent to commit larceny. *Chatman*, 869 F.2d at 528. We stated that such a crime may be committed without posing "a serious potential risk of harm to another." *Id.* at 530 (quoting section 924(e)(2)(B)(ii)). That statement plainly does not apply to robbery as defined by California law.

by the judge of the Presentence Report to establish his prior convictions violated due process. He contends that due process mandates that the government charge and prove his enhancing prior convictions, citing *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967) and *United States v. Brewer*, 841 F.2d 667 (6th Cir.1988). He also contends that due process is violated because the district judge is divested of his discretion to impose individualized sentences, citing *United States v. Ortega Lopez*, 684 F.Supp. 1506 (C.D.Cal. 1988) (en banc) and *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

These arguments are at odds with Ninth Circuit and United States Supreme Court precedent. The standard of review for challenges to the constitutionality of a statute is *de novo*. *Savinovich*, 845 F.2d at 839.

The Court in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) held that Pennsylvania's Mandatory Minimum Sentencing Act, which provides that anyone convicted of certain felonies is subject to a mandatory minimum sentence of five years if the sentencing judge finds by a preponderance of the evidence at the sentencing hearing that the defendant visibly possessed a firearm, comported with due process. A state may properly treat visible possession of a firearm as a sentencing consideration rather than as an element of a particular offense that must be proved beyond a reasonable doubt. *Id.* at 84–91, 106 S.Ct. at 2415–19. The Court in *McMillan* distinguished *Specht*, because in that latter case the factual finding made by the judge at the sentencing hearing—that the defendant posed "a threat of bodily harm to members of the public, or is an habitual offender and mentally ill"—exposed the defendant to a term of life imprisonment when the statute under which the defendant had been convicted carried a maximum penalty of ten years. *Id.* at 88, 106 S.Ct. at 2417. The career offender provision in the instant case is similar to the statute upheld in *McMillan* in that both limit the court's discretion in sentencing to the range prescribed by the statute under which the defendant was convicted.

*Brewer*, 841 F.2d 667, the other case upon which McDougherty relies, was reversed on rehearing. *United States v. Brewer*, 853 F.2d 1319 (6th Cir.), *cert. denied*, 488 U.S. 946, 109 S.Ct. 375, 102 L.Ed.2d 364, 489 U.S. 1021, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1988). The Sixth Circuit now agrees, along with most other circuits that have considered the question, that the Armed Career Criminal Act, which increased Brewer's prison sentence from two years to fifteen years based upon his two prior convictions, is a sentence enhancement and not a separate statutory offense. Thus the government is not required to prove a defendant's prior convictions beyond a reasonable doubt. *Brewer*, 853 F.2d at 1322–26. Our circuit has specifically upheld the Armed Career Criminal Act against a due process challenge in *United States v. West*, 826 F.2d 909 (9th Cir.1987).

Due process does require that the sentencing court find facts underlying the applicable sentencing factors by at least a preponderance of the evidence. *United States v. Wilson*, 900 F.2d 1350, 1354 (9th Cir.1990). The government has the burden of proof for any fact that the sentencing court would find necessary to determine the base offense level. *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990). The demands of due process have been met in this case. The government established by the Presentence Report and copies of the conviction records that McDougherty did commit the two predicate prior convictions. In fact, McDougherty never contested (and still does not) the fact of his prior convictions; he only contended that one of them was not a violent crime. *See West*, 826 F.2d at 912.

■ As for McDougherty's final challenge, due process does not require individualized sentences in non-capital cases. *Lockett v. Ohio*, 438 U.S. 586, 604–05, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978). The Sentencing Guidelines have been upheld against due process claims that they deny individualized sentencing. *United States v. Brady*, 895 F.2d 538, 540–41 (9th

Cir.1990) (disapproving of *Ortega Lopez*); *United States v. Belgard,* 894 F.2d 1092, 1100 (9th Cir.1990), *petition for cert. filed,* (July 2, 1990) (No. 90–5072).

V.

■ McDougherty finally contends that his sentence violates the eighth amendment's prohibition against cruel and unusual punishment because it punishes him for his "status" of being a career offender, and because the punishment was disproportionate to the crime. We review this challenge *de novo.* *Savinovich,* 845 F.2d at 839.

McDougherty's status argument relies on *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), which invalidated a statute that criminalized the "status" of being a drug addict. But McDougherty is not being punished for his status of being a career criminal; he is being punished for selling cocaine base. Section 4B1.1 is an ordinary enhancement provision, which does not increase the statutory maximum for the crime for which the defendant was convicted, but merely requires the judge to sentence him nearer to this maximum penalty.

■ McDougherty's excessive length argument also fails. The district judge sentenced McDougherty to the minimum of his guideline sentencing range of 262 to 327 months, well within the statutory maximum terms applicable to him (40 years for each count). Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds. *United States v. Zavala–Serra,* 853 F.2d 1512, 1518 (9th Cir.1988).

Even though the sentence is within the statutory penalty, we evaluate its constitutionality considering three factors: (1) the gravity of the offense and harshness of the penalty; (2) the comparison with sentences imposed on other criminals in the same jurisdiction; and (3) where appropriate, the comparison with sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3009–11, 77 L.Ed.2d 637 (1983)

Applying these factors and case law to the instant case, we conclude that McDougherty's sentence was not cruel and unusual. *See generally Zavala–Serra,* 853 F.2d at 1518; *United States v. Kinsey,* 843 F.2d 383, 392–93 (9th Cir.), *cert. denied,* 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 916 (1988); *United States v. Valenzuela,* 646 F.2d 352, 354 (9th Cir.1980). Congress has determined that selling cocaine near a school is a very serious offense. McDougherty's two predicate convictions of assault and robbery, which gave him career offender status, were also very serious crimes. The statistics he cites, comparing his sentence to sentences imposed on other defendants convicted of drug-related crimes in the federal and California systems, are inapplicable because they do not compare him with other career offenders. Finally, his notation of the disparity between his sentence and the sentence of his co-defendant Williams, who is not a career offender, likewise fails to establish a constitutional violation.

AFFIRMED.