944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javid NAGHDI, aka David Naghdi, Defendant-Appellant.
 No. 89-50517.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1991*.
Decided Sept. 19, 1991.
 
 MEMORANDUM**
 Before KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 Naghdi pleaded guilty to four counts of a twelve-count indictment charging him and two coconspirators with drug counterfeiting. The district court sentenced Naghdi to five years' imprisonment to be followed by five years' probation. Naghdi raises two arguments on appeal: (1) the district court may have based its sentence on ex parte, in camera filings containing information not disclosed to the defense, and (2) the sentence was disproportionate to that given his coconspirators.
 
 
 2
 With respect to Naghdi's first argument, we note that none of the three in camera, ex parte filings to which he refers had any direct bearing on the merits of his case or the sentence imposed. Accordingly, we reject this contention as a ground for reversal. See United States v. Reese, 775 F.2d 1066, 1075 (9th Cir.1985). We also find no merit to Naghdi's disproportionality argument. The sentence imposed was within the pre-Sentencing Guideline statutory limits and adequately reflects the seriousness of Naghdi's role in the offense relative to his coconspirators. See United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991).
 
 
 3
 There is one point, however, which Naghdi mentions only in passing and to which the government refers only in a footnote, viz., the government's supplemental sentencing memorandum filed on August 23, 1989. This lengthy memorandum contains a substantial amount of material relating to Naghdi's alleged criminal activities between the time he fled the country in 1987 and his return to American custody. Naghdi argues that his attorney never received this material, filed only five days before his sentencing, and supports this allegation with an affidavit from counsel. The government concedes that they inadvertently mailed the memorandum to the wrong address, and there is nothing in the sentencing transcript which would indicate that defense counsel knew anything about the memorandum or that the court did not rely on it.
 
 
 4
 Under the circumstances we must remand to the district court for the limited purpose of determining whether the court relied on or was influenced by the supplemental sentencing memorandum or any part thereof and, if so, whether defense counsel was timely provided with a copy thereof or was advised of its contents and afforded the opportunity to respond thereto. We will retain jurisdiction over this appeal pending the district court's resolution of these questions on limited remand. The district court shall forward to this court a certified copy of said resolution. Any subsequent appeal shall be referred to this panel.
 
 
 5
 Accordingly, this case is REMANDED for further proceedings consistent with the above.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3