967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Lee GIBSON, Defendant-Appellant.
 No. 91-30325.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Lee Gibson appeals his sentence under the Sentencing Guidelines, following his plea of guilty, for one count of manufacturing and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 63 months imprisonment and 3 years supervised release. He contends that the Sentencing Guidelines equivalency ratio for marijuana plants under U.S.S.G. § 2D1.1 violates due process and equal protection, creates an unconstitutional irrebuttable presumption, and is unsupported by sufficient evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's determination of federal constitutional law. United States v. Savinovich, 845 F.2d 834, 839 (9th Cir.), cert. denied, 488 U.S. 943 (1988). In cases involving marijuana plants, the Sentencing Guidelines provide as follows:
 
 
 4
 In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana. Provided, however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.
 
 
 5
 U.S.S.G. § 2D1.1(c).
 
 I. Due Process and Equal Protection
 
 6
 We have previously held that "arriving at an offense level by equating one marijuana plant to one kilogram of marijuana has a rational basis and withstands due process challenge." United States v. Belden, 957 F.2d 671, 676 (9th Cir.1992). Similarly, we have recently held that the equivalency ratio withstands equal protection challenge. United States v. Jordan, Nos. 91-30190, 91-30191, 91-30210, slip op. 5763, 5767 (9th Cir. May 19, 1992). Accordingly, Gibson's first contention lacks merit.
 
 II. Irrebuttable Presumption
 
 7
 The argument that an irrebuttable presumption violates due process applies in instances where a rule creates a presumption as to the guilt of an individual and not as to the punishment that an offense merits. United States v. McDougherty, 920 F.2d 569, 572 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991). Here, section 2D1.1 simply determines the level of culpability for marijuana growers and the punishment that the offense merits according to the number of marijuana plants involved. Belden, 957 F.2d at 676. The section does not create a presumption as to the guilt of the accused and therefore the irrebuttable presumption analysis does not apply. Jordan, slip op. at 5768.
 
 III. Factual Basis
 
 8
 We have previously held that "[t]here is no constitutional requirement that the penalty for an offense involving one marijuana plant be equal to the penalty for an offense involving the quantity of dried marijuana that the plant would yield." United States v. Motz, 936 F.2d 1021, 1025 (9th Cir.1991). Section 2D1.1 recognizes the higher level of culpability for marijuana growers, who are at the top of the distribution chain, compared to those who "merely possess the harvested product." Belden, 957 F.2d at 676. Similarly, the distinction between offenses involving fifty or more plants and offenses involving less than fifty plants reflects a decision to use the fiftieth plant as "an indicator of culpability and participation in the drug marketplace", and it is not related to the yield of dried marijuana per plant. Id. at 675.
 
 
 9
 Here, as in Belden, Gibson offers scientific testimony to show that it is unlikely that each marijuana plant confiscated by the government would have produced a kilogram of dried marijuana. The equivalency ratio of section 2D1.1 does not state that the yield of one marijuana plant is 100 or 1000 grams, but rather that the offense level for a crime involving a given number of plants is the level that would apply in a case involving a given amount of dried marijuana. Motz, 936 F.2d at 1025. The government confiscated over 400 marijuana plants from Gibson, and the district court properly applied the equivalency ratio in order to determine Gibson's offense level.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3