972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carey Dennis MALASARTRE, Defendant-Appellant.
 No. 91-50812.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carey Dennis Malasarte appeals his sentence imposed under the United States Sentencing Guidelines ("Guidelines") for two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Malasarte contends that his sentence should not have been enhanced under the Guidelines' career offender provision. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 3
 Under the Guidelines, a defendant is a career offender if, among other requirements, the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Malasarte argues that the use of his prior convictions to enhance his sentence violated due process because he had no opportunity "to either deny or admit the prior convictions." Malasarte asserts that prior convictions should be alleged in the indictment so that, in the event the defendant contests the validity of the conviction, a trial can be conducted to resolve the issue.
 
 
 4
 The government is not required to charge prior felonies that might be used to enhance a sentence under section 4B1.1. United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991); see also United States v. Alvarez, 960 F.2d 830, 836 (9th Cir.1992) (no requirement that enhancements under 18 U.S.C. § 924(e) be charged by indictment). Moreover, due process does not require the government to prove beyond a reasonable doubt a defendant's prior convictions. McDougherty, 920 F.2d at 575. The fact of a defendant's prior convictions need only be supported by a preponderance of the evidence. Id.
 
 
 5
 Here, Malasarte's presentence report ("PSR") clearly set forth his criminal history, including his prior felony convictions. See id. (defendant's PSR and copies of conviction records supports validity of prior convictions).[2] Malasarte had the opportunity to challenge the validity of his prior convictions before sentencing by filing written objections to his PSR and failed to do so. See id.; see also Alvarez, 960 F.2d at 836 (defendant had adequate notice that prior convictions would be used to enhance sentence). At sentencing, Malasarte did not contest the fact of his prior convictions. The district court's sentence was proper. See McDougherty, 920 F.2d at 575.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, appellant's request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's final order was entered on its docket on November 18, 1991. Therefore, Malasarte's notice of appeal was timely filed on November 22, 1991. See Fed.R.App.P. 4(b)
 
 
 [2]
 Malasarte asserts that "rap sheets" are sometimes "inaccurate and incomplete," and therefore, should not be relied upon to support the validity of prior convictions. Malasarte offers nothing to substantiate his general assertion, and failed to show that his "rap sheet" was unreliable