980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd Summerlin ALEXANDER, Defendant-Appellant.
 No. 92-50079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Todd Summerlin Alexander appeals his 188-month sentence, imposed following conviction on a guilty plea, for robbery of a savings and loan association in violation of 18 U.S.C. § 2113(a). Alexander contends that the district erred by sentencing him as a career offender under the United States Sentencing Guidelines because his California conviction for second degree robbery is not a "crime of violence" and hence not a predicate offense under U.S.S.G. §§ 4B1.1 and 4B1.2. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review the legality of a sentence de novo. United States v. McDougherty, 920 F.2d 569, 572 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991); United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 111 S.Ct. 1118 (1991).
 
 
 4
 U.S.S.G. § 4B1.1 provides in part that a defendant is a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." We have adopted the "categorical approach" established by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990), which focuses on the statutory definitions of crimes and not the specific facts underlying the defendant's prior convictions to determine whether they qualify as predicate offenses.[1] Becker, 919 F.2d at 570. The version of section 4B1.2 applicable here (November 1, 1991) defines a "crime of violence" as any federal or state offense punishable by a prison term exceeding one year that "(i) has an an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary ..., arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The commentary to section 4B1.2 specifically enumerates robbery as a "crime of violence." U.S.S.G. § 4B1.2, comment. (n. 2). Robbery, as defined by Cal.Penal Code §§ 211-12, is per se a crime of violence for purposes of applying the career offender enhancement under U.S.S.G. § 4B1.2.[2] McDougherty, 920 F.2d at 573-74 ("[r]obbery as defined by California is a crime committed directly against and in the presence of the victim and thus is certainly the kind of crime that presents a serious risk that physical force may be used").[3]
 
 
 5
 Alexander contends that his 1988 second degree robbery conviction under Cal.Penal Code § 211 is not a "crime of violence" for purposes of the career offender enhancement. He argues that the California robbery statute is overbroad for career offender purposes because it criminalizes robberies accomplished by means of fear of injury to property as well as to persons. Nonetheless, the commentary to revised U.S.S.G. § 4B1.2 continues to identify robbery as a crime of violence for purposes of that section, and robbery as defined by Cal.Penal Code §§ 211-12 is inherently dangerous.[4] See McDougherty, 920 F.2d at 573-74. Accordingly, the district court did not err by sentencing Alexander as a career offender.
 
 
 6
 Alexander also contends that the government violated his due process and equal protection rights by failing to file an information alleging his prior convictions before entry of his guilty plea as is required when the government seeks increased penalties under 21 U.S.C. § 851. We have considered and rejected the argument that either section 851 or due process requires the government to allege formally prior convictions for career offender enhancement under U.S.S.G. § 4B1.1. See McDougherty, 920 F.2d at 574-75.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Taylor, the Supreme Court held that a prior burglary conviction qualifies as a predicate violent offense for purposes of the career criminal sentence enhancement under 18 U.S.C. § 924(e) if the relevant statutory definition of "burglary" substantially corresponds to the generic sense in which the term is currently used in the criminal codes of most states, 495 U.S. at 598-99, or, if the statutory definition is broader than the generic one, where the charging paper and jury instructions actually require the jury to find all of the elements of generic burglary to convict the defendant, id. at 602. "Burglary," specifically identified as a "violent felony" under section 924(e), need not have as a statutory element the use or threat of force against a person. See id. at 596-97. Section 924(e) served as the model for the definition of "crime of violence" under U.S.S.G. § 4B1.2. See U.S.S.G.App. C, Amendment 268 (1989)
 
 
 [2]
 Cal.Penal Code § 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Section 212 defines "fear" as fear of unlawful injury to the person or property of the person robbed or to anyone in the company of the person robbed
 
 
 [3]
 Amendments to U.S.S.G. § 4B1.2 effective November 1, 1989 eliminated from the definition of "crimes of violence" a general reference to offenses involving use of force or threats against property and replaced it with an enumeration of property offenses deemed to be violent. In deciding McDougherty, we interpreted the earlier version of U.S.S.G. § 4B1.2 but, noting that the revised commentary continued to list robbery as a crime of violence, we indicated that the result would have been no different under section 4B1.2 as amended. 920 F.2d at 573 n. 3; see United States v. Selfa, 918 F.2d 749, 751 (9th Cir.), cert. denied, 111 S.Ct. 521 (1990) (under the 1989 version of U.S.S.G. § 4B1.2, federal bank robbery is a crime of violence)
 
 
 [4]
 Alexander contends that, under Taylor 's categorical approach, robbery as defined by Cal.Penal Code §§ 211-12 does not qualify as a violent felony because it includes robberies induced by fear of threats to property. Nonetheless, California's statutory definition of robbery substantially corresponds to the generic definition of robbery. See Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law § 8.11, at 775-85 (2d ed. 1986); Model Penal Code § 222.1 (1986). If the statutory definition of an offense specifically identified as a crime of violence for purposes of the career offender enhancement meets this generic test, it need not contain as one of its elements violence against persons. See Taylor, 495 U.S. at 596-99. In fact, however, robbery by definition occurs in the presence of--and hence poses potential harm to--the victim. See McDougherty, 920 F.2d at 573-74; cf. United States v. Sherbondy, 865 F.2d 996, 1010-11 (9th Cir.1988) (witness intimidation, defined by California statute to include threats and violence against property, is overbroad for career offender purposes because it does not necessarily involve threats or harm to persons)