990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred Gutierrez ESPINOZA, aka Alfred Espinoza, Defendant-Appellant.
 No. 92-50152.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1993.*
Decided March 31, 1993.
 
 Before WALLACE, Chief Judge, and SNEED and HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Espinoza appeals from the sentence he received subsequent to his conviction for unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). Espinoza was sentenced as a career criminal offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (Guidelines). He argues that his Sixth Amendment right to confront and cross-examine witnesses was violated when the district court refused at the sentencing hearing to entertain testimony regarding his prior convictions. He also argues that the court erred by relying on his 1974 conviction for second degree murder as a predicate offense in determining his status as a career offender. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.
 
 
 2
 We review the district court's application of the Guidelines de novo, although we give due deference to the court's application of the Guidelines to facts. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990). We review the district court's evaluation of the reliability of sentencing information for abuse of discretion. United States v. Petty, Nos. 90-30291, 90-30292, 90-30293, and 90-30294, slip op. 71, 81 (9th Cir. Jan. 7, 1993).
 
 
 3
 Espinoza first contends that the district court denied him his Sixth Amendment confrontation rights at the sentencing hearing. The court refused to hear testimony regarding Espinoza's prior convictions and limited its consideration to the presentence report and the court records regarding those convictions.
 
 
 4
 The issue is foreclosed. We recently held that the Confrontation Clause does not apply at sentencing. Id. at 77. Thus, Espinoza's Confrontation Clause argument must be rejected.
 
 
 5
 Although the Confrontation Clause does not apply at sentencing, due process demands that a defendant may not be sentenced based on materially incorrect information. Id. at 79. "Due process requires that some minimal indicia of reliability accompany a hearsay statement." Id. at 80. In United States v. McDougherty, 920 F.2d 569 (9th Cir.1990), cert. denied, 111 S.Ct. 119 (1991), we held that the demands of due process were met where the government "established by the Presentence Report and copies of the conviction records that [the defendant] did commit the two predicate prior convictions." Id. at 575.
 
 
 6
 This is precisely the information that was before the district court which established that Espinoza had three prior convictions that could be used as predicate offenses in sentencing him as a career criminal offender. The demands of due process thus were met, and the district court did not abuse its discretion in relying on the presentence report and the court records in sentencing Espinoza.
 
 
 7
 Espinoza also contends that his 1974 conviction for second degree murder cannot be relied upon as a predicate offense in determining his status as a career offender. He argued to the district court and argues on appeal that this conviction was unconstitutional. The district court considered and rejected Espinoza's argument. The government contends that Espinoza should not have been permitted to attack collaterally his prior convictions at sentencing, arguing that application note 6 to section 4A1.2 of the Guidelines prohibits such attacks. We need not consider either Espinoza's or the government's argument.
 
 
 8
 In determining Espinoza's status as a career criminal offender, the district court relied on three of Espinoza's prior felony convictions: (1) a 1966 conviction for attempted robbery; (2) the 1974 conviction that Espinoza challenges on appeal; and (3) a 1983 conviction for voluntary manslaughter. To be sentenced as a career criminal offender pursuant to section 4B1.1 of the Guidelines, a defendant need only have two prior felony convictions. See U.S.S.G. § 4B1.1. Espinoza has never questioned the use of his 1983 conviction. He did challenge the propriety of relying on his 1966 conviction, but he does not renew that challenge on appeal. Thus, even if the 1974 conviction is discounted, Espinoza's two other felony convictions are sufficient to establish his status as a career criminal offender.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4