21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip JOHNSON, Defendant-Appellant.
 No. 93-35228.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1994.*
Decided April 13, 1994.
 
 Before: WRIGHT, TANG, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phillip Johnson pleaded guilty to distribution of five or more grams of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1) and 841(b)(1)(B), and was sentenced to eight years incarceration. The district court denied Johnson's motion to modify his sentence pursuant to 18 U.S.C. Sec. 3582(c)(2) and U.S.S.G. Sec. 1B1.10, and Johnson appeals. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 DISCUSSION
 
 3
 Johnson first argues on appeal that the district court could not sentence him as a career offender under U.S.S.G. Sec. 4B1.1[1] because he was not charged with his prior convictions by indictment or information, as required by 21 U.S.C. Sec. 851.[2]
 
 
 4
 We rejected Johnson's argument in United States v. McDougherty, 920 F.2d 569 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991). We held that
 
 
 5
 Section 851 applies when the government seeks to obtain the increased statutory penalties provided in 21 U.S.C. Sec. 841-858, based upon certain qualifying prior convictions. The career offender provision of the Guidelines, on the other hand, does not entail increasing the statutory penalties for the defendant's crime. Rather, Guideline Sec. 4B1.1 simply implements the mandate of 28 U.S.C. Sec. 994(h) that the Sentencing Commission assure that certain career offenders receive sentences "at or near the maximum term authorized" for their crime under the existing federal statute.
 
 
 6
 Id. at 574.
 
 
 7
 Johnson next contends that his sentence was in violation of his plea agreement. We reject this argument as well. The plea agreement does not address the applicability of the career offender provision, and merely states that Johnson "understands that the penalty range ... is imprisonment for a minimum period of at least five (5) years and a maximum period of not more than forty (40) years." [SER 2.] Johnson's sentence was in conformance with this agreement.[3]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to the government's assertions, the district court indeed sentenced Johnson as a career offender. See CR 156, Sentencing transcript at 18 ("Because of the career criminal adjustment, which I believe I must make in this case, the total offense level is increased to level 34, and the defendant's criminal history is increased to a level six.") The district court then departed downward from the resulting Guideline range
 Moreover, Johnson raised his challenges to his sentence as a career offender in his motion to modify his sentence at p. 6, note 1. [ER 20.]
 
 
 [2]
 In relevant part, Sec. 851 provides:
 No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon.
 
 
 [3]
 Johnson argued below that his sentence should be modified to conform to amendments to the Guideline provisions regarding relevant conduct and acceptance of responsibility. He does not raise these arguments on appeal