87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Gerald FEDORKA, Defendant-Appellant.
 No. 95-50377.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1996.*
Decided June 19, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 BACKGROUND
 
 3
 William Gerald Fedorka appeals his 151-month sentence for one count of bank robbery under 18 U.S.C. § 2113(a) after a plea of guilty. Defendant was sentenced as a Career Offender on July 26, 1995. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.
 
 FACTS
 
 4
 On June 28, 1993, William Fedorka robbed a teller at a Bank of America in Fountain Valley, California. On July 13, 1993, a federal grand jury indicted Fedorka on one count of bank robbery. [CR 8]. On October 14, 1993, Defendant entered a guilty plea to the indictment. [CR 24]. On July 26, 1995, the district court sentenced Defendant to 151 months imprisonment followed by a three-year term of supervised release. [CR 47]. Prior to sentencing, the probation office concluded its presentence investigation (PSI) and filed its Presentence Report (PSR), which calculated Defendant's base offense level at 21. The PSR concluded that defendant's 1988 robbery conviction, and 1978 robbery conviction were predicate offenses for career offender purposes, and that Fedorka was a career offender under Guidelines section 4B1.1. [PSR 31]. At sentencing, Defendant challenged the probation office's career offender classification, contending that his 1978 conviction for robbery was not a predicate offense because it was imposed more than 15 years before commission of the underlying offense and involved a sentence of less than thirteen months in jail. [CR 47]. Defendant's probation was revoked in August of 1979, and he was sentenced to an additional 3 years incarceration. The district court found that Defendant's 1978 conviction was a predicate offense for purposes of the Career Offender statute [ER 2].
 
 DISCUSSION
 
 5
 Defendant argues that the district court erred in finding that his robbery conviction was a predicate conviction for purposes of the Career Offender enhancement because the original sentence involved less than thirteen months incarceration, and was imposed more than fifteen years prior to commission of the underlying bank robbery. This argument fails.
 
 
 6
 The district court's interpretation of the Sentencing Guidelines is reviewed de novo. United States v. McDougherty, 920 F.2d 569, 572 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991).
 
 
 7
 Guidelines section 4B1.1 provides that a defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Defendant concedes that he was 18 at the time of the instant offense; that the charged offense was a crime of violence; and that his 1988 conviction was a predicate offense. Thus, the sole issue on appeal is whether the district court properly concluded that Defendant's 1978 conviction was a predicate offense for career offender purposes.
 
 
 8
 In determining whether an offense qualifies as a predicate offense, § 4B1.1 must be read in conjunction with §§ 4A1.1, 4A1.2(e), and 4A1.2(k). Under § 4A1.2(e), a prior conviction counts as a predicate offense if the prior sentence exceeded thirteen months, and was either (1) imposed within fifteen years of the instant offense, or resulted in defendant being incarcerated during any part of the fifteen years prior to the commission of the instant offense. U.S.S.G. § 4A1.2(e)(1).[1] The relevant portion of that section reads:
 
 
 9
 (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period. (Emphasis added).
 
 
 10
 On March 31, 1978, Fedorka was sentenced to 12 months incarceration and three years probation for bank robbery, clearly less than the thirteen months required to qualify as a predicate offense. The underlying bank robbery occurred on June 28, 1993; thus, the fifteen-year window opened on June 28, 1978. Fedorka was released from prison on the original twelve-month custodial term on October 13, 1978.
 
 
 11
 Under § 4A1.2(k)(1), a defendant's sentence on a subsequent probation revocation is added to his original sentence for the purpose of determining the length of the sentence. That section reads:
 
 
 12
 (1) In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for 4A1.1(a), (b), or (c), as applicable.
 
 
 13
 (2)(A) Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the points for § 4A1.1(e) in respect to the recency of last release from confinement.
 
 
 14
 (B) Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2) and (e). For the purposes of determining the applicable time period, use the following: (i) in the case of an adult term of imprisonment totalling more than one year and one month, the date of last release from incarceration on such sentence (see § 4A1.2(e)(1);
 
 
 15
 * * *
 
 
 16
 (iii) in any other case, the date of the original sentence (see § 4A1.2(d)(2)(B) and (e)(2)).
 
 
 17
 Thus, while the 1978 conviction would normally not qualify as a predicate offense because it is outside the 15-year window and the original sentence was only 12 months, under § 4A1.2(k)(1), the original term of imprisonment is added to the three year term of imprisonment imposed upon revocation to determine the length of sentence.
 
 
 18
 Defendant is correct that his 1978 conviction would not qualify under § 4A1.2(e)(1) absent the additional revocation term. The conviction qualifies as a predicate offense under § 4A1.2(e)(1) because that section allows the counting of: "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." (Emphasis added). Thus, under guidelines section 4A1.2(e)(1), a conviction for which a defendant is serving a sentence during the applicable 15-year period counts toward career offender status.
 
 
 19
 Additionally, under § 4A1.2(k)(2)(B)(i), the date defendant was released from prison on the revocation sentence is used to determine whether defendant's sentence is within the 15-year window of guideline § 4A1.2(e)(1).[2] Here, Fedorka was released on the revocation sentence on December 20, 1981, having been incarcerated for over two years within the fifteen-year window period.
 
 
 20
 The district court properly concluded that Defendant's 1978 conviction was a predicate offense for career offender purposes. The district court judgment and sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The provisions of § 4A1.2 are applicable when counting convictions for career offender purposes. U.S.S.G. § 4B1.2, comment. n. 4; see United States v. Harrington, 923 F.2d 1371 (9th Cir.1991)
 
 
 [2]
 (B) Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2) and (e). For the purposes of determining the applicable time period, use the following: (i) in the case of an adult term of imprisonment totalling more than one year and one month, the date of last release from incarceration on such sentence (see § 4A1.2(e)(1))
 * * *