**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS MARTINEZ-RUIZ, | No. 06-75244 |
| Petitioner, | Agency No. A074-333-884 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2011[**]
Pasadena, California

Before: GOODWIN, D.W. NELSON, and N.R. SMITH, Circuit Judges.

Carlos Martinez-Ruiz petitions for review of the Board of Immigration

Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") decision denying

his application for a waiver of inadmissibility and adjustment of status. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D) to review "constitutional claims or questions of law." *See Mejia v. Gonzales*, 499 F.3d 991, 998-99 (9th Cir. 2007). We deny the petition for review.

Martinez-Ruiz's argument that applying 8 C.F.R. § 1212.7(d) to him has an impermissible retroactive effect is foreclosed by *Mejia*, 499 F.3d at 997 (analyzing identical regulation contained in 8 C.F.R. § 212.7(d)). "The regulation speaks only to the exercise of discretion under § 212(h)(2), not to the threshold determination of eligibility under § 212(h)(1). The Attorney General has not changed or altered the statutory 'extreme hardship' standard. Instead, he has promulgated a regulation to guide IJs in the way they exercise their relatively unfettered grant of discretion after the statutory requirements are met." *Id.* at 996 (citations omitted). Therefore, applying Section 1212.7(d) to the petitioner "does not have an impermissibly retroactive effect because it neither attaches a new disability to past conduct nor upsets settled expectations." *Id.* at 998.

Martinez-Ruiz's second argument fails as well. The BIA did not use an incorrect legal standard in concluding that Martinez-Ruiz's conviction constituted a "violent or dangerous crime" subjecting him to a heightened hardship standard. 8 C.F.R. § 1212.7(d) ("The Attorney General, in general, will not favorably exercise discretion under section 212(h)(2) of the Act (8 U.S.C. 1182(h)(2)) . . .

2

with respect to immigrant aliens who are inadmissible under section 212(a)(2) of the Act in cases involving violent or dangerous crimes, [unless] . . . an alien clearly demonstrates that the denial of the application . . . would result in exceptional and extremely unusual hardship.").  The BIA had no obligation to conduct a case-by-case analysis of Petitioner's offense under *Matter of Frentescu*, 18 I & N Dec. 244 (BIA 1982), where, as here, we have already determined that violations of California Penal Code § 211 are categorically crimes of violence.  *See United States v. McDougherty*, 920 F.2d 569, 573 (9th Cir. 1990) ("We hold that robbery under California law is [] by definition a crime of violence."); *see also Mejia*, 499 F.3d at 999 (referring to "crimes of violence" is "not inconsistent with the statutory standard" for "violent and dangerous" crimes).

**PETITION DENIED.**