NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50101 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01016-ODW-2 |
| v. | |
| HARSON CHONG, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50231 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01016-ODW-1 |
| v. | |
| TAC TRAN, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted November 17, 2017
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: NGUYEN and HURWITZ, Circuit Judges, and SEEBORG,** District Judge.

Harson Chong and Tac Tran appeal their convictions for conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; possession with intent to distribute controlled substances in violation of 18 U.S.C. § 841(a)-(b); and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1)(A)(i). Tran also appeals his conviction for possession of a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1) and the application of a "career offender" enhancement to his sentence pursuant to U.S.S.G. § 4B1.2(a). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err in denying appellants' motions to suppress. The district judge reasonably concluded, after viewing photographs of the scene, that an observer outside of Chong's house "would be able to clearly look inside [the] open garage door and see the activity that was taking place inside." *See Maisano v. Welcher*, 940 F.2d 499, 503 (9th Cir. 1991). The officers saw Tran toss aside a bag of methamphetamine from their vantage point outside the garage, and lawfully entered the garage "to secure it, to prevent the destruction of evidence and to protect themselves and others on the scene." *United States v. Alaimalo*, 313 F.3d 1188,

---

** The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

2

1193–94 (9th Cir. 2002).

2. Tran did not argue below that the officers unlawfully entered the curtilage of Chong's home and therefore waived this argument on appeal. *See Beets v. Cty. of L.A.*, 669 F.3d 1038, 1043 (9th Cir. 2012). In any event, Tran does not have standing to challenge an unlawful search of the house. *See Minnesota v. Carter*, 525 U.S. 83, 91 (1998) (denying Fourth Amendment protection to visitors who had gathered to package and distribute drugs); *United States v. Zermeno*, 66 F.3d 1058, 1061 (9th Cir. 1995) (holding that using another's house as a "stash house" for drugs does not establish a legitimate expectation of privacy).[1]

3. The district court did not abuse its discretion by failing to hold an evidentiary hearing on the motions to suppress. Chong only sought such a hearing to examine a deputy who testified at trial. Chong's counsel cross-examined the deputy, and nothing in his testimony suggested any deficiency in the search. Tran sought an evidentiary hearing only to attack the government's argument that the search was justified by the conditions of his parole, but the district court agreed with Tran and instead upheld the search as supported by probable cause.

4. Chong should have been given the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), before being interrogated in a squad car. His resulting

---

[1] Chong did not raise a curtilage argument in his opening brief and therefore waived it. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

statements, describing two sums of cash inside the house, should have been suppressed. But, the error was harmless. *See United States v. Higuchi*, 437 F.2d 835, 837 (9th Cir. 1971). The officers found the first sum during the protective sweep, and discovered the second after obtaining a search warrant without reliance on Chong's statements.

5. Appellants' argument that the district court erred by declining to sever their trials was not preserved for appellate review. Tran did not renew his severance motion at the close of evidence, *see United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008), and Chong neither moved to sever nor joined Tran's motion, *see United States v. Mausali*, 590 F.3d 1077, 1081 (9th Cir. 2010). In any event, appellants "have not shown that their joint trial subjected them to any legally cognizable prejudice." *Zafiro v. United States*, 506 U.S. 534, 541 (1993).

6. Chong's right to be present and represented at all critical stages of the proceedings was not violated during a pretrial status conference. *See United States v. Cronic*, 466 U.S. 648, 659 (1984) (finding right to presence of counsel during critical stages); *Rushen v. Spain*, 464 U.S. 114, 117 (1983) (finding right to personal presence). Although Chong's counsel was notified of the conference, he failed to appear. At the conference, the district judge only ruled on a motion in limine filed by Tran and briefly discussed the possibility that Chong might seek a continuance. No decisions were made that affected Chong, who ultimately did not seek a

4

continuance. Although the better practice would have been to continue the conference, Chong's Sixth Amendment rights were not violated.

7. Because the record does not make ineffective assistance of counsel plain, we decline to address the issue on direct appeal. *See United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004).

8. The evidence was sufficient to support Tran's convictions for possessing firearms and ammunition. The jury could reasonably have concluded that Tran was using Chong's home to store the firearms and ammunition.

9. Because robbery under California Penal Code § 211 qualifies as a crime of violence under U.S.S.G. § 4B1.2(a), *see United States v. McDougherty*, 920 F.2d 569, 573 (9th Cir. 1990), the district court correctly held that Tran had at least two previous convictions for "crimes of violence." The residual clause in § 4B1.2(a)(2) is not unconstitutionally vague. *See Beckles v. United States*, 137 S.Ct. 886, 892 (2017).

**AFFIRMED.** [2]

---

[2]      We **GRANT** Chong's motion to supplement the record.