5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon BARRAZA-MARTINEZ, Defendant-Appellant.
 No. 93-50091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 3, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-92-00976-JMI; James M. Ideman, District Judge, Presiding.
 C.D.Cal.
 DISMISSED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Barraza-Martinez appeals his 66-month sentence following entry of a guilty plea to illegal reentry into the United States in violation of 18 U.S.C. Sec. 1326(a). Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel filed a motion to withdraw as counsel of record and submitted a brief which identified one possible issue for our review: whether the sentence was disproportionate to the offense in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 Because the issue is purely one of law and the government will suffer no prejudice, we may review Barraza-Martinez's contention raised for the first time on appeal. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 4
 Ordinarily, a sentence that does not exceed the statutory maximum will not be overturned on Eighth Amendment grounds. United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991); see also United States v. Lai, 944 F.2d 1434, 1440-41 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992). Nevertheless, we consider three factors in determining the constitutionality of a sentence within the statutory penalty: "(1) the gravity of the offense and the harshness of the penalty; (2) the comparison with sentences imposed on other criminals in the same jurisdiction; and (3) where appropriate, the comparison with sentences imposed for commission of the same crime in other jurisdictions." McDougherty, 920 F.2d at 576 (citing Solem v. Helm, 463 U.S. 277, 290-92 (1983)).
 
 
 5
 Here, the statutory maximum sentence for the current offense was 180 months' imprisonment. See 8 U.S.C. Sec. 1326(b)(2). Based upon a total offense level of 21 and criminal history category IV, Barraza-Martinez's Guidelines range was 57 to 71 months' imprisonment. The presentence report contained a recommendation for the maximum Guidelines sentence. Following arguments from counsel on the appropriate sentence and Barraza-Martinez's right of allocution, the district court imposed a mid-range sentence of 66 months.
 
 
 6
 Because the district court sentenced Barraza-Martinez far bety plea to the offense of conviction. On October 19, 1992, Salman filed a postsentence motion before the district court to withdraw his guilty plea. The court entertained the motion and denied it. Becauseect appeal or a 2255 motion, the district court erroneously entertained the motion. See id. at 1438. We lack jurisdiction to consider the merits of Salman's appeal from the court's denial of his motion. See id.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review