FILED

MAR 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCELO GONZALEZ-LOPEZ,

Defendant - Appellant.

No. 11-50203

D.C. No. 3:10-cr-03366-WQH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted March 7, 2012[**]
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Marcelo Gonzalez-Lopez appeals his conviction following a conditional

guilty plea for attempted reentry after deportation, in violation of 8 U.S.C. § 1326.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.  Because the parties are familiar with the case history, we need not recount it here.

I

Gonzalez-Lopez argues that the government's failure to advise him of his due process right to counsel in a language he could understand invalidated the removal order that was the basis of the § 1326 conviction.  The district court denied his motion to dismiss the § 1326 indictment after finding that Gonzalez-Lopez could not demonstrate a plausible claim of prejudice resulting from these due process violations.  We agree.

Prejudice cannot be presumed from a failure to adequately inform an alien of his right to counsel when the alien is an aggravated felon.  *United States v. Reyes-Bonilla* No 10-50361, __ F.3d, __, slip op at 1173 (9th Cir. Feb. 6, 2012).  Because he was incarcerated in state prison for more than a year for a robbery conviction under California Penal Code § 211, Gonzalez-Lopez is considered an aggravated felon under  8 U.S.C. § 1101(a)(43)(f).  *See* 8 U.S.C. § 1101(a)(43)(f) (defining an aggravated felony as "a crime of violence for which the term of imprisonment is at least one year"), *United States v. McDougherty*, 920 F.2d 569, 573 (9th Cir. 1990) (holding that "robbery under California law is...by definition a

crime of violence").  Therefore, the district court correctly denied his motion to dismiss the indictment.

II

Gonzalez-Lopez alternatively argues that the conviction documents relied upon to establish his aggravated felony conviction were improperly certified and could have been challenged by competent counsel.  However, he presents no evidence to cast doubt upon the authenticity of the certified abstract of judgment in the file.  Nor did he submit any evidence contrary to the facts disclosed in the abstract.  The certified abstract describes the criminal charge, discloses the fact of conviction, and reflects the sentence.

Under the standards applicable to evidence admitted in immigration proceedings, Gonzalez-Lopez was not denied his due process rights.  *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003) ( "'[T]he sole test for admission of evidence [in immigration proceedings] is whether the evidence is probative and its admission is fundamentally fair.'") (quoting *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995)).

**AFFIRMED.**